LODGED

AUG 16 2002

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY                          DEPUTY

FILED

SEP - 9 2002

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Federal Trade Commission, | Case No. SA CV 00-964 DOC (MLGx) |
| Plaintiff, | and consolidated actions |
| vs. | Case No. SA CV 01-971 DOC (MLGx) |
| First Alliance Mortgage Company, et al., | (consolidated with Case No. SA CV 01-1111 DOC |
| Defendants. | Case No. SA CV 02-417 DOC Chapter 11 Case |
| In re First Alliance Mortgage Company, a California Company, et al., | Case No. SA CV 02-430 DOC |
| Related Debtors. | **[PROPOSED]** **FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT AND DISMISSING CLAIMS AGAINST SETTLING DEFENDANTS** |

**Hearing**
Date:     September 9, 2002
Time:     8:30 a.m.
Place:    Courtroom 9D
          411 W. Fourth Street
          Santa Ana, California

And Related Actions.

ENTERED

SEP 11 2002

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE
BY                          DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

ENTER ON ICMS

SEP 11 2002

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

ORDER APPROVING CLASS SETTLEMENT

1    The motion of the Representative Plaintiffs for final

2    approval of the Stipulation of Settlement dated as of February

3    25, 2002 (the "Stipulation of Settlement"), and dismissal of

4    class claims came on regularly for hearing before this Court on

5    September 9, 2002.  Appearances of counsel are set out in the

6    transcript of the hearing.

7        After full consideration of the evidence and points and

8    authorities submitted in support of and in opposition to the

9    motion, the oral arguments of counsel, and the pleadings, files,

10   records and proceedings and hearings in this action, IT IS HEREBY

11   ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

12       1.   For the purpose of this Judgment and Order Approving

13   Class Action Settlement and Dismissing Claims Against Settling

14   Defendants ("Judgment"), and except as otherwise stated herein,

15   the Court adopts the definitions set forth in the Stipulation of

16   Settlement.  A copy of the Stipulation of Settlement is attached

17   to this Judgment as Exhibit 1.

18       2.   This Court has jurisdiction over the subject matter of

19   the Actions, the Settling Parties, and the Class Members.

20       3.   The Court finds that the Related Debtors have:

21   (1) caused the form of notice approved by the Court (the

22   "Notice") to be mailed by first-class mail, postage prepaid, to

23   each person known or believed to be a Class Member; (2) taken

24   customary and reasonable steps to obtain new addresses and

25   forward the Notice to all persons with respect to whom the Notice

26   was returned as undeliverable; and (3) caused notice of the

27   settlement to be published once per week in two consecutive weeks

28   in  USA Today.   The Court further finds that the FTC posted the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

- 1 -

ORDER APPROVING CLASS SETTLEMENT

1  Notice and the Stipulation of Settlement on its web site and that

2  various states that are parties to the settlement and AARP

3  provided notice of the settlement on their websites.  The Court

4  finds that the foregoing procedures fully and accurately informed

5  all Class Members of all material elements of the Actions and the

6  proposed Stipulation of Settlement, constituted the best notice

7  practicable under the circumstances, constituted valid, due, and

8  sufficient notices to all Class Members, and complied fully with

9  the requirements of due process and Rule 23 of the Federal Rules

10  of Civil Procedure.

11      4.   In its April 24, 2002 Order Granting Preliminary

12  Approval of Class Action Settlement, Approving Form and Manner of

13  Class Notice, and Scheduling Final Settlement Hearing (the

14  "Preliminary Approval Order"), this Court certified the

15  Representative Plaintiffs' claims against Defendants for class

16  action treatment, pursuant to Rule 23(b)(3) of the Federal Rules

17  of Civil Procedure, for purposes of the settlement, on behalf of

18  a class consisting of all Persons who entered into mortgage loan

19  agreements with the Related Debtors during the period from

20  January 1, 1992 through March 23, 2000; excluding Defendants,

21  their affiliates, any entity in which any of the Defendants has a

22  controlling interest, and the legal representatives, heirs,

23  successors or assigns of any of the foregoing excepted persons

24  and any person who validly and timely opted out of the class (the

25  "Settlement Class").  Based on the evidence and argument

26  presented in connection with the preliminary approval motion and

27  the present motion and the record of this matter, the Court

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

- 2 -

ORDER APPROVING CLASS SETTLEMENT

1 hereby reaffirms its findings and conclusions with respect to

2 certification of the Settlement Class.

3      5.    Attached to this Judgment as Exhibit 2 is a list of all

4 putative Class Members who opted out of the Settlement Class and

5 who are therefore excluded from the Settlement Class and are not

6 bound by the terms of this Judgment.

7      6.    In assessing the propriety of the compromise proposed

8 in the Stipulation of Settlement, the Court has carefully

9 considered and balanced a number of factors, including:   the

10 strength of the plaintiffs' case; the risk, expense, complexity,

11 and likely duration of further litigation; the risk of

12 maintaining a class action status throughout the trial; the

13 amount offered in settlement; the extent of discovery completed

14 and the stage of the proceedings; the experience and views of

15 counsel; and the reaction of class members to the settlement.

16 *See* In re Mego Financial Corp. Securities Litigation, 213 F.3d

17 454, 458 (9th Cir. 2000); Hanlon v. Chrysler Corp., 150 F.3d 1011,

18 1019 (9th Cir. 1998).

19      7.    Taking into consideration the factors set forth above,

20 this Court finds that the terms of the settlement as set forth in

21 the Stipulation of Settlement are fair, reasonable, and adequate

22 to the Settlement Class and accordingly approves the Stipulation

23 of Settlement.

24      8.    The Court orders the Settling Parties to perform the

25 executory provisions of the Stipulation of Settlement in

26 accordance with its terms.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

- 3 -

ORDER APPROVING CLASS SETTLEMENT

9.   Except as provided in Paragraph 14, below, the Court hereby dismisses the following Actions and all claims made therein with prejudice:

a.   Frank G. Aiello, et. al. v. First Alliance Mortgage Company, et. al., United States Bankruptcy Court, Central District of California, Adv. No. SA00-01456, now consolidated into No. SA CV 00-964 DOC (Eex);

b.   Jacqueline Bowser and Irene Huston v. First Alliance Mortgage Co., et al., United States Bankruptcy Court, Central District of California, Adv. No. SA00-01343, now consolidated into No. SA CV 00-964 DOC (Eex);

c.   Aiello v. First Alliance Corp., et al., United States District Court, Central District of California, consolidated into SA CV 00-964 DOC (Eex);

d.   American Association of Retired Persons (AARP) v. First Alliance Mortgage Company, et al. Case No. SA CV 02-268 AHS, now consolidated with SA CV 00-964 DOC;

e.   Ida M. Forrest v. First Alliance Mortgage Co., et al., Case No. CV 02-2362 DDP, now consolidated with SA CV 00-964 DOC; and

f.   Frank and Nicolena Aiello, et al. v. BNY Western Trust Company, et al., United States District Court, Central District of California, Case No. SA CV02-52 DOC.

10.   The Court orders the Plaintiffs, including members of the Class, to file with this Court dismissals with prejudice of all claims against the Related Debtors, the Individual Defendants, the Mortgage Loan Trusts, the Trustees, MBIA, and FSA in all actions and claims pending in this Court, brought by non-

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

573091

- 4 -

ORDER APPROVING CLASS SETTLEMENT

governmental Plaintiffs, arising out of the business of the Related Debtors, including, but not limited to, claims asserted in the following:

        a.   Creditors Committee and Borrowers Committee v. Brian Chisick, et al., Case No. SA CV 02-430 DOC; and

        b.   Bohnsack, et al. v. Lehman Brothers, Inc. et al., Case No. SA CV 02-1214 DOC.

11.   As to Defendants Nebot and Bollong only, the Court hereby dismisses without prejudice the complaint in intervention in connection with Department of Legal Affairs, Office of the Attorney General, State of Florida v. First Alliance Mortgage Company, United States District Court for the Central District of California in Case No. SA CV 00-964 DOC (Eex)).

12.   The Related Debtors, the Individual Defendants, the Mortgage Loan Trusts, the Trustees, MBIA, and FSA, and all claims against any of them are dismissed with prejudice from the actions styled Official Joint Borrowers Committee v. Lehman Commercial Credit, Inc., et al., United States District Court, Central District of California, Case No. SA CV 01-1111 DOC, now consolidated into action SA CV 01-971 DOC, and Michael and Barbara Austin, et al. v. Brian Chisick, et al., formerly styled as Frank and Nicolena Aiello, et al. v. Brian Chisick, et al., United States District Court, Central District of California, Case No. SA CV 01-971 DOC.

13.   Except as provided in Paragraph 14, below, the Plaintiffs, including without limitation any member of the Settlement Class, are ordered to dismiss on the Effective Date

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

- 5 -

ORDER APPROVING CLASS SETTLEMENT

1   all other Actions pending before other Courts and all other cases

2   or proceedings against the Settling Defendants in which claims

3   covered by the releases herein are being asserted.

4       14.   The dismissals referenced in paragraphs 9, 10, and 12,

5   above, do not apply to and shall not affect: (i) the joint proof

6   of claim referenced in Paragraph 2.6 of the Stipulation of

7   Settlement, which the Court orders to be treated in accordance

8

9   with that paragraph and in accordance with the confirmed

10  Liquidating Plan, or (ii) the actions and proofs of claim filed

11  by the FTC and the State Attorneys General, which are finally

12  resolved by entry of the following Consent Decrees: (a) the

13  Court's April 25, 2002 Order Preliminarily Approving Stipulated

14  Final Judgment, Permanent Injunction and Monetary Settlement

15  entered in the United States District Court, Central District of

16  California, consolidated Case No. SA CV 00-964 DOC; (b) the

17  Court's April 25, 2002 Permanent Injunction and Order by

18  Stipulation Between the Plaintiffs, the People of the States of

19  California, Florida, Illinois, the Commonwealth of Massachusetts

20  and the New York State Banking department, and the defendants,

21  Brian and Sarah Chisick entered in the United States District

22  Court, Central District of California Case No. SA CV 00-964;

23

24  and (c) the Court's April 25, 2002 Permanent Injunction and Order

25  By Stipulation between the Plaintiffs, the People of the State of

26  California, Arizona, Florida, and Illinois, the Commonwealth of

27  Massachusetts, and the New York State Banking Department, and the

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

- 6 -

ORDER APPROVING CLASS SETTLEMENT

1  Defendants, Jeffrey Smith, Patty Sullivan, and Salah Bastawy

2  entered in the United States District Court, Central District of

3  California Case No. SA CV 00-964.

4      15.  The payment of fees and costs to Plaintiffs' Counsel,

5  as well as any awards to the Representative and Private Attorney

6  General Plaintiffs, will be addressed in a separate order.

7

8      16.  Except as provided in paragraph 24 below, upon the

9  Effective Date, the Plaintiffs and their Related Persons

10  (excluding the Commonwealth of Massachusetts, as more fully set

11  forth at paragraph 4.3 of the Stipulation of Settlement)

12  conclusively are deemed to have, and each member of the

13  Settlement Class and their Related Persons conclusively are

14  deemed to have, and by operation of this Judgment shall have,

15  fully, finally, and forever relieved, released, and discharged

16  the Defendants, the family members of Brian and Sarah Chisick and

17  all entities controlled by them (now or in the past), the

18  Trustees, MBIA, FSA, and any other insurer of the Mortgage Loan

19  Trusts (or any of the securities issued by any of the Mortgage

20  Loan Trusts) and all of its, his, her, or their Related Persons

21  from the Specifically Released Claims.

22      17.  Except as provided in paragraph 24 below, upon the

23  Effective Date, the Defendants and their Related Persons

24  conclusively are deemed to have, and by operation of this udgment

25  shall have, fully, finally, and forever relieved, released, and

26  discharged the Plaintiffs and their Related Persons (excluding

27  the Commonwealth of Massachusetts), the members of the Official

28  Creditors' Committee, the professionals of the Official

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

- 7 -

ORDER APPROVING CLASS SETTLEMENT

1  Creditors' Committee, members of the Borrowers' Committee, and

2  the professionals of the Official Borrowers' Committee, and all

3  of its, his, her, or their Related Persons from any claims,

4  including Unknown Claims, arising out of or related in any manner

5  to the filing of claims or Actions against them so that no such

6  claims against these releasees arising out of or related to their

7  conduct in the Actions shall survive; <u>provided, however, that</u>

8  neither the Plaintiffs nor their Related Persons are released

9  from any of their respective obligations on loans originated by

10  Related Debtors.

11

12  18.  Except as provided in paragraph 24 below, upon the

13  Effective Date, the Related Debtors conclusively are deemed to

14  have, and by operation of this Judgment shall have, fully,

15  finally, and forever relieved, released, and discharged Brian and

16  Sarah Chisick, the family members of Brian and Sarah Chisick and

17  all entities controlled by them (now or in the past), the

18  Trustees, the Individual Defendants, all of Related Debtors'

19  current and former officers, directors and employees, MBIA and

20  FSA and all of their Related Persons from the Generally Released

21  Claims, and Related Debtors conclusively are deemed to have

22  released any claims against Plaintiffs arising out of the Prior

23  Borrower Settlements.

24

25  19.  Except as provided in paragraph 24 below, upon the

26  Effective Date, Brian and Sarah Chisick conclusively are deemed

27  to have, and by operation of this Judgment shall have, fully,

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

- 8 -

ORDER APPROVING CLASS SETTLEMENT

finally, and forever relieved, released, and discharged the Related Debtors, the Individual Defendants and their respective Related Persons from the Generally Released Claims; the Individual Defendants (other than Brian and Sarah Chisick) are conclusively deemed to have fully, finally, and forever relieved, released, and discharged Brian and Sarah Chisick and their respective Related Persons from the Generally Released Claims; and Jeffrey Smith and Francisco Nebot are conclusively deemed to have fully, finally, and forever relieved, released, and discharged Related Debtors and their respective Related Persons from the Generally Released Claims.

20.   Except as provided in paragraph 24 below, upon the Effective Date, MBIA and FSA  conclusively are deemed to have, and by operation of this Judgment shall have, fully, finally, and forever relieved, released, and discharged the Related Debtors and Plaintiffs and each of its, his, her, or their Related Persons from any claims for malicious prosecution, abuse of process, or similar torts arising out of or related to the filing of claims against their insureds, so that no such claims against these releasees arising out of or related to their conduct in the Actions shall survive.

21.   Except as provided in paragraph 24 below, upon the Effective Date, Brian and Sarah Chisick and MBIA  conclusively are deemed to have, and by operation of this Judgment shall have, released any and all claims each may have against the others

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

ORDER APPROVING CLASS SETTLEMENT

1  relating to the business of the Related Debtors; _provided,_

2  _however, that_ nothing herein shall affect, alter or amend the

3  terms of the transaction documents relating to the MBIA insured

4  Mortgage Loan Trusts or otherwise affect the rights of the

5  Residual Certificateholder under the transaction documents.

6  Brian and Sarah Chisick also are conclusively deemed to have

7  released the indemnification claim asserted against the Trustees

8  and the Mortgage Loan Trusts as to monies paid pursuant to the

9  Stipulation of Settlement and fees and costs incurred in

10  litigating the Actions.

11      22.   Upon the Effective Date, the Plaintiffs conclusively

12  are deemed to have, and each member of the Settlement Class shall

13  be deemed to have, and by operation of this Judgment shall have,

14  expressly waived and released claims for rescission or

15  reformation of any loan originated by the Related Debtors.

16      23.   Except as provided in paragraph 24 below, and to give

17  effect to the doctrines of res judicata and claim preclusion,

18  each member of the Settlement Class, including without limitation

19  the Representative Plaintiffs, are barred and enjoined from

20  asserting or prosecuting in any forum, any claim or cause of

21  action which has been, can be, or hereafter could be asserted

22  against the Defendants arising from, relating to, or in

23  consequence of (a) any loan they obtained from any of the Related

24  Debtors or (b) any and all matters which have been or might have

25  been asserted by the Representative Plaintiffs and/or the

26  Settlement Class against any of the Defendants in any of the

27  Actions.   In addition, except as otherwise provided herein,

28  following the Effective Date the Plaintiffs shall forever refrain

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

- 10 -

ORDER APPROVING CLASS SETTLEMENT

1  and forbear from commencing, instituting, and/or prosecuting any

2  lawsuit, action, and/or other proceeding and/or making any claim

3  against any Person receiving a release from Plaintiffs hereunder,

4  based upon or arising out of or related to any claim released by

5  this Judgment.

6      24.   The releases and bars set forth in Paragraphs 16

7  through 23 above shall not be construed to apply to any of the

8  following:

9          A.  Any claim by or against any Class Member who has

10 validly and timely excluded himself or herself from the

11 Settlement Class;

12         B.  Any obligation under the Stipulation of Settlement,

13 any obligation under the Supplemental Agreement, or any

14 obligation under the Consent Decrees;

15         C.  Any claim by any of the Plaintiffs against Lehman,

16 Prudential and First Union.

17     25.   Nothing in this Judgment shall be deemed to affect the

18 rights of the Settling Parties to object to claims for payment

19 from the Related Debtors' Bankruptcy Estates.

20     26.   Without in any way affecting the finality of this

21 Judgment, this Court reserves exclusive and continuing

22 jurisdiction over the Actions, the Released Claims, the

23 Plaintiffs and all of the other Settling Parties for the purposes

24 of (i) supervising the implementation, enforcement, construction,

25 and interpretation of the Stipulation of Settlement, the Notice,

26 the Releases, the Preliminary Approval Order, and this Judgment;

27 (ii) enforcing the compliance of any party with the terms of the

28 Stipulation of Settlement, the Releases, the Preliminary Approval

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

- 11 -

ORDER APPROVING CLASS SETTLEMENT

Order, and this Judgment; (iii) hearing and determining any application by Plaintiffs' counsel for an award of attorneys' fees, expenses, and costs pursuant to Paragraph 6 of the Stipulation of Settlement; (iv) supervising the administration of the settlement; (v) requiring the filing of dismissals in the Actions and other cases not pending before this Court as necessary to effectuate the settlement; and (vi) supervising other steps as required to effectuate the settlement as provided for in the Stipulation of Settlement.

27.  Neither this Judgment nor the Stipulation of Settlement shall constitute an admission by the Defendants of any liability or wrongdoing whatsoever, nor is this Judgment a finding of the validity or invalidity of any claims in the Actions or a finding of any wrongdoing by the Defendants. Neither this Judgment nor the Stipulation of Settlement shall be used or construed as an admission, concession, or presumption or inference of any fault, liability, or wrongdoing by any Person. No aspect of this settlement including without limitation this Judgment, the Stipulation of Settlement, the fact of settlement, the settlement proceedings, the settlement negotiations, and any related document, shall be offered or received in evidence as an admission, concession, or presumption or inference against any party in any proceeding other than (i) in such proceedings as may be necessary to consummate or enforce the Stipulation of Settlement, ii) in any subsequent action against or by the Released Persons, or any of them, to support a defense of res judicata, collateral estoppel, release, or other theory of claim preclusion, issue preclusion, or similar defense or (iii) in any

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

- 12 -

ORDER APPROVING CLASS SETTLEMENT

1    action against any Non-Settling Defendants arising from the

2    Related Debtors' business practices, to support an affirmative

3    defense of offset to the extent appropriate under the order

4    barring the assertion of contribution- and indemnity-type claims

5    by the Non-Settling Defendants.

6        28.  This Court determines that there is no just

7    reason for delay of the entry of this Judgment because *inter*

8    *alia*, (i) this Judgment fully disposes of the claims of the

9    Plaintiffs against the Settling Defendants, (ii) any factual or

10   legal issues raised on possible appeal from this Judgment would

11   likely be different from those remaining in the case by the

12   Plaintiffs against the Non-Settling Defendants, and

13   (iii) Plaintiffs and the Settling Defendants would be harshly and

14   unjustly prejudiced should this Judgment not be entered

15   forthwith.

16       Accordingly, the Court hereby directs entry of this Judgment

17   and Order Approving Class Action Settlement and Dismissing Claims

18   Against Settling Defendants pursuant to Rule 54(b) of the Federal

19   Rules of Civil Procedure.

20

21   Dated: _September 9_, 2002           _David O. Carter_

22                                         Hon. David O. Carter
                                           United States District Judge
23

24   Submitted by:

25

26   David B. Zlotnick
     Class Co-Lead Counsel
27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

573091

ORDER APPROVING CLASS SETTLEMENT

IRELL & MANELLA LLP
WILLIAM N. LOBEL (State Bar No. 93202)
EVAN C. BORGES (State Bar No. 128706)
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200

Attorneys for Debtors, Debtors-in-
Possession and Defendants First
Alliance Mortgage Company, et al.

FEDERAL TRADE COMMISSION
ANNE M. MCCORMICK
RAMONA D. ELLIOTT
JOHN A. KREBS
JEANNE-MARIE S. RAYMOND
600 Pennsylvania Avenue, NW
Room 4429
Washington, D.C.  20580
Telephone:  (202) 326-3583
Facsimile:  (202) 326-2558

Attorneys for Plaintiff
Federal Trade Commission

[Additional counsel on attached page]

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re First Alliance Mortgage Company, a California corporation; First Alliance Corporation, a Delaware corporation; First Alliance Mortgage Company, a Minnesota corporation; and First Alliance Portfolio Services, Inc., a Nevada Corporation,<br><br>                Debtors.<br>_____<br>Federal Trade Commission,<br><br>                Plaintiff,<br><br>    v.<br><br>First Alliance Mortgage Company, et al.,<br><br>                Defendants.<br>_____ | Case No. SA CV 00-964 DOC (EEx)<br><br><br><br><br><br><br><br>**STIPULATION OF SETTLEMENT** |

IRELL & MANELLA LLP
WILLIAM N. LOBEL (State Bar No. 93202)
EVAN C. BORGES (State Bar No. 128706)
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200

Attorneys for Debtors, Debtors-in-
Possession and Defendants First
Alliance Mortgage Company, et al.

FEDERAL TRADE COMMISSION
ANNE M. MCCORMICK
RAMONA D. ELLIOTT
JOHN A. KREBS
JEANNE-MARIE S. RAYMOND
600 Pennsylvania Avenue, NW
Room 4429
Washington, D.C.  20580
Telephone:  (202) 326-3583
Facsimile:  (202) 326-2558

Attorneys for Plaintiff
Federal Trade Commission

[Additional counsel on attached page]

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re First Alliance Mortgage Company, a California corporation; First Alliance Corporation, a Delaware corporation; First Alliance Mortgage Company, a Minnesota corporation; and First Alliance Portfolio Services, Inc., a Nevada Corporation, <br><br> Debtors. | Case No. SA CV 00-964 DOC (EEx) <br><br><br><br><br><br><br> **STIPULATION OF SETTLEMENT** |
| Federal Trade Commission, <br><br> Plaintiff, <br><br> v. <br><br> First Alliance Mortgage Company, et al., <br><br> Defendants. | |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

Stipulation of Settlement

| | |
|---|---|
| State of Arizona; State of California; State of Florida; State of Illinois; Commonwealth of Massachusetts; and State of New York, | ) ) ) ) ) ) |
|         Plaintiffs, | ) |
|     v. | ) ) |
| First Alliance Mortgage Company, et al., | ) ) ) |
|         Defendants. | ) ) ) |
| Frank and Nicolena Aiello, et al., | ) ) ) |
|         Plaintiffs, | ) |
|     v. | ) ) |
| First Alliance Mortgage Company, et al., | ) ) ) |
|         Defendants. | ) ) ) |
| Frank and Nicolena Aiello, et al., | ) ) |
|         Plaintiffs, | ) |
|     v. | ) ) |
| Brian Chisick, et al., | ) |
|         Defendants. | ) ) |
| Frank and Nicolena Aiello, et al., | ) |
|         Plaintiffs, | ) ) |
|     v. | ) ) |
| BNY Western Trust Co., et al., | ) |
|         Defendants. | ) ) |
| Official Joint Borrowers Committee, | ) ) |
|         Plaintiff, | ) ) |
|     v. | ) ) |
| Lehman Commercial Credit, Inc., et al., | ) ) |
|         Defendants. | ) ) |

Case No. SA CV 01-971 DOC
(formerly filed in the United States Bankruptcy Court, Central District of California, Adversary Case No. AD 01-01463 LR)

Case No. SA CV 02-52 DOC

Case No. SA CV 01-1111 DOC

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

1    This Stipulation of Settlement dated as of February 25, 2002

2 (the "Stipulation"), is made and entered into by and among the

3 parties to this Stipulation, by and through their counsel of

4 record as necessary: (i) the Representative Plaintiffs (on behalf

5 of themselves and each of the Class Members); (ii) AARP; (iii)

6 Velda Durney; (iv) Ida M. Forrest; (v) Henry M. Hong; (vi) Carol

7 J. Hong; (vii) Mary Ryan; (viii) Lucretia Wilder; (ix) Fred L.

8 Passmore; (x) Julia G. Passmore; (xi)  Geneva A. Spires; (xii)

9 George Jerolemon; (xiii) Michael Austin; (xiv) Barbara Austin;

10 (xv) the Official Joint Borrowers' Committee; (xvi) the FTC;

11 (xvii) the State Attorneys General; (xviii) the Related Debtors;

12 (xix) the Individual Defendants; (xx) the Mortgage Loan Trusts;

13 (xxi) the Trustees; (xxii) MBIA; and (xxiii) FSA.

14    All parties to this Stipulation are referred to collectively

15 in this Stipulation as the "Settling Parties."

16    The Stipulation, the Supplemental Agreement and the Consent

17 Decrees are intended by the Settling Parties to fully, finally

18 and forever resolve, discharge and settle the Released Claims (as

19 defined in ¶ 1.46 hereof), upon and subject to the terms and

20 conditions hereof.

21 **I.    THE LITIGATION AND RELATED PROCEEDINGS**

22    On March 23, 2000, the Related Debtors filed their Chapter

23 11 petitions in the United States Bankruptcy Court for the

24 Central District of California, Southern Division, initiating

25 their Chapter 11 cases.

26    Beginning in approximately 1996 and continuing after the

27 date on which the Related Debtors filed their bankruptcy

28 petitions, the Related Debtors and certain of the Individual

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

- 1 -

Stipulation of Settlement

1  Defendants were named as defendants in a number of lawsuits

2  brought by borrowers, private parties, and governmental agencies

3  alleging causes of action under state and federal law based on

4  the nature of the Related Debtors' business, sales, advertising,

5  and lending practices, including without limitation allegations

6  concerning the terms of the borrowers' loans, alleged

7  misrepresentations made in connection with those loans, and

8  alleged misconduct inducing borrowers to enter into the loans.

9       Each of the Plaintiffs except the Official Joint Borrowers'

10 Committee has filed a proof of claim in the Related Debtors'

11 bankruptcy cases, either on their own behalf, through

12 representative counsel, or both.  Approximately 2000 individual

13 borrowers filed proofs of claim in the Related Debtors'

14 bankruptcy cases.  In addition, each of the Representative

15 Plaintiffs has filed individual and class action proofs of claim

16 in the Related Debtors' bankruptcy cases on behalf of themselves

17 and similarly situated borrowers.  AARP filed a non-class proof

18 of claim on behalf of the general public under sections 17200, *et*

19 *seq.,* of the California Business and Professions Code (the

20 "UCL"), and the California Six filed individual and non-class

21 proofs of claim on behalf of the general public under the UCL.

22 Finally, each of the governmental entities has filed a proof of

23 claim.

24      On or about September 28, 2001, the Hon. David O. Carter,

25 United States District Court Judge, entered an order that, among

26 other things, certified a no-opt-out class action pursuant to

27 Rule 23(b)(1) of the Federal Rules of Civil Procedure in *Frank G.*

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 2 -

1   *Aiello v. First Alliance Mortgage Corporation*, identified fully

2   below.

3       In late 2001, certain of the Representative Plaintiffs and

4   the Borrowers' Committee commenced actions against Lehman seeking

5   damages based on state and federal law and seeking to equitably

6   subordinate Lehman's claims against the Related Debtors.

7       On or about February 8th, 2002, eight individual FAMCO

8   borrowers filed a class action complaint in the United States

9   District Court for the Central District of California, captioned

10  *Frances M. Bohnsack, et al. v. Lehman Brothers Incorporated, et*

11  *al.*, Case No. 02-CV-1214.  The plaintiffs assert the right to

12  serve as named representatives of the putative class action --

13  they are all members of the presently certified no opt-out class,

14  and will all be Class Members hereunder if they do not timely and

15  validly opt out of the Class.  The named defendants are Lehman,

16  Prudential, and First Union and certain of the Trustees (Bank of

17  New York, Chase Manhattan Bank, and Wells Fargo Bank).  The

18  complaint seeks damages and certain equitable relief based on

19  federal and state law.

20      To the extent the above-described actions or proofs of claim

21  were filed in Bankruptcy Court, Judge Carter has withdrawn the

22  reference for those actions and proofs of claim.  Each of the

23  above described actions is now pending in the District Court,

24  Central District of California, Southern Division, Judge Carter

25  presiding.

26  **II.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

27      The Defendants have denied and continue to deny each and all

28  of the claims and contentions alleged by the Plaintiffs in the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

- 3 -

Stipulation of Settlement

916864

1  Actions.   The Defendants expressly have denied and continue to

2  deny all charges of wrongdoing or liability against them arising

3  out of or related to any of the conduct, statements, acts or

4  omissions alleged, or that could have been alleged, in the

5  Actions.   The Defendants also have denied and continue to deny,

6  *inter alia*, the allegations that the Plaintiffs (including

7  without limitation any of members of the Class) have suffered

8  damage or were harmed by the conduct alleged in the Actions.

9       Nonetheless, the Related Debtors and their counsel have

10  concluded that further conduct of litigation would be protracted

11  and expensive and would not be in the best interest of the

12  Estates, and that it is desirable that the Actions be fully and

13  finally settled between the Settling Parties in the manner and

14  upon the terms and conditions set forth in this Stipulation.   The

15  other Defendants have also concluded that further conduct of

16  litigation would not be in their best interests and that it is

17  desirable to settle the Actions on the terms and conditions set

18  forth herein.

19  **III. CLAIMS OF THE PLAINTIFFS AND BENEFITS OF SETTLEMENT**

20       The Plaintiffs have contended and continue to contend that

21  the claims asserted in the Actions have merit and that the value

22  of their claims substantially exceeds the amounts in the Related

23  Debtors Estates and the amounts being provided in this

24  settlement.   However, Plaintiffs and their counsel recognize and

25  acknowledge the expense and length of continued proceedings

26  necessary to prosecute the Actions against the Defendants through

27  trial and through appeals and are concerned that further

28  prosecution of these actions could deplete the Estates to the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 4 -

Stipulation of Settlement

1  detriment of the Plaintiffs.  Plaintiffs and their counsel also

2  have taken into account the uncertain outcome and the risk of any

3  litigation, especially in complex actions such as the Actions,

4  the possibility that the Plaintiffs, including the Class, would

5  be unable to collect all or part of any judgment, as well as the

6  difficulties and delays inherent in such litigation.  Counsel for

7  the Plaintiffs also are mindful of the burdens of proof under and

8  possible defenses to the violations asserted in the Actions.

9  Counsel for the Representative Plaintiffs believe that the

10  settlement set forth in this Stipulation confers substantial

11  benefits upon and is in the best interests of the Class.

12  **IV.  TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

13  NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and

14  among the Plaintiffs, on one hand, and the Defendants, on the

15  other, on their own behalf or by and through their respective

16  counsel or attorneys of record, that, subject to the approval of

17  the Court, the Actions as to the Settling Parties, and the

18  Released Claims shall be finally compromised, settled and

19  released, and, with the exception of the actions brought by the

20  FTC and the State Attorneys General (which shall be resolved by

21  entry of the Consent Decrees against certain of the Defendants),

22  the Actions shall be dismissed with prejudice, as to all Settling

23  Parties, upon and subject to the terms and conditions of this

24  Stipulation, as follows.

25  **1.  Definitions**

26  As used in the Stipulation the following terms have the

27  meanings specified below:

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

1      1.1  "AARP" means AARP, formerly known as the American

2  Association of Retired Persons.

3      1.2  "Actions" means the following actions, cases eventually

4  consolidated into one of the following actions, or proofs of

5  claim filed by any claimant, including but not limited to any and

6  all complaints, counterclaims, cross-claims, third party

7  complaints or other claims for relief filed in the following

8  actions and any currently pending appeals taken from orders in

9  those actions, which are identified below by the jurisdiction in

10  which such action, case, or claim originally was filed:

11          (a)  *American Association of Retired Persons (AARP) v.*

12  *First Alliance Mortgage Company*, Superior Court of the State of

13  California for the County of Santa Clara, Case No. CV 778453;

14          (b)  *Velda Durney v. First Alliance Mortgage Company,*

15  Superior Court of the State of California for the County of Santa

16  Clara, Case No. CV 765935;

17          (c)  *Ida M. Forrest v. First Alliance Mortgage Company*,

18  Superior Court of the State of California for the County of

19  Alameda, Case No. 799294-0  [Cross-Complaint];

20          (d)  *Henry M. Hong and Carol J. Hong v. First Alliance*

21  *Mortgage Company*, Superior Court of the State of California for

22  the County of Alameda, Case No. 784938-3;

23          (e)  *Mary Ryan v. First Alliance Mortgage Company*,

24  Superior Court of the State of California for the County of Santa

25  Clara, Case No. CV 759815;

26          (f)  *Lucretia Wilder v. First Alliance Mortgage*

27  *Company*, Superior Court of the State of California for the County

28  of Santa Clara, Case No CV 760638;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 6 -

1    (g) *Fred L. Passmore and Julia G. Passmore v. First*

2 *Alliance Mortgage Company*, Superior Court of the State of

3 California for the County of Alameda, Case No. 823272-8;

4    (h) *Geneva A. Spires v. First Alliance Mortgage*

5 *Company*, Superior Court of the State of California for the County

6 of Alameda, Case No. 807253-5;

7    (i) *Frank G. Aiello, et. al. v. First Alliance*

8 *Mortgage Company, et. al.*, United States Bankruptcy Court,

9 Central District of California, Adv. No. SA00-01456, now

10 consolidated into No. SA CV 00-964 DOC (Eex);

11    (j) *Jacqueline Bowser and Irene Huston v. First*

12 *Alliance Mortgage Co., et al.,* United States Bankruptcy Court,

13 Central District of California, Adv. No. SA00-01343, now

14 consolidated into No. SA CV 00-964 DOC (Eex);

15    (k) *Commonwealth of Massachusetts v. First Alliance*

16 *Mortgage Company*, Superior Court for Suffolk County of the

17 Commonwealth of Massachusetts, Civil Action No. 98-5534-A;

18    (l) *Federal Trade Commission v. First Alliance*

19 *Mortgage Company, et al.*, United States District Court for the

20 Central District of California, Case No. SA CV 00-964-DOC;

21    (m) *The People of the State of California v. First*

22 *Alliance Mortgage Company, et al.*, Superior Court of the State of

23 California for the County of Los Angeles, Case No. BC 252112 (now

24 consolidated, after dismissal in state court and refiling in the

25 United States District Court for the Central District of

26 California, into Case No. SA CV 00-964 DOC (Eex));

27    (n) *Department of Legal Affairs, Office of the*

28 *Attorney General, State of Florida v. First Alliance Mortgage*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 7 -

Stipulation of Settlement

1 *Company*, Circuit Court of the 17th Judicial Circuit, in and for

2 Broward County, Florida, Case No. 21000009116 (a complaint in

3 intervention has been filed in the United States District Court

4 for the Central District of California in Case No. SA CV 00-964

5 DOC (Eex));

6        (o)  *People of the State of Illinois v. First Alliance*

7 *Mortgage Company*, Circuit Court of Cook County, Illinois, County

8 Department, Chancery Division, Case No. 98CH16598 (now

9 consolidated, after entry of a stay and refiling in the United

10 States District Court for the Central District of California,

11 into Case No. SA CV 00-964 DOC (Eex));

12        (p)  Third Amended Proof of Claim filed by the State

13 Attorney General of Arizona against First Alliance Mortgage

14 Company, et al. in the United States Bankruptcy Court for the

15 Central District of California;

16        (q)  Proof of Claim filed by the New York State Banking

17 Department against First Alliance Mortgage Company in the United

18 States Bankruptcy Court for the Central District of California;

19        (r)  *Frank and Nicolena Aiello, et al. v. Brian*

20 *Chisick, et al.*, United States District Court, Central District

21 of California, Case No. SA CV 01-971 DOC (formerly filed in the

22 United States Bankruptcy Court, Central District of California,

23 Adversary Case No. AD 01-01463 LR);

24        (s)  *Official Joint Borrowers Committee v. Lehman*

25 *Commercial Credit, Inc., et al.*, United States District Court,

26 Central District of California, Case No. SA CV 01-1111 DOC

27 (formerly filed in the United States Bankruptcy Court, Central

28 District of California, Adversary Case No. AD 1647 LR); and

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 8 -

Stipulation of Settlement

1      (t)   *Frank and Nicolena Aiello, et al. v. BNY Western*

2   *Trust Company, et al.*, United States District Court, Central

3   District of California, Case No. SA CV02-52 DOC.

4      1.3   "Administrative Expenses" means expenses, other than

5   Professional Fees, that are determined and allowed in the Related

6   Debtors' Estates under Section 503(b) of the Bankruptcy Code, 11

7   U.S.C. § 503(b), and paid pursuant to the confirmed Plan of

8   Liquidation and Section 1129 of the Bankruptcy Code, 11 U.S.C. §

9   1129.

10      1.4   "Bar Order" means, collectively, an order, after

11   hearing and notice to all Non-Settling Defendants in all actions

12   arising out of or related to the business of the Related Debtors,

13   and all parties who have submitted a proof of claim in the

14   Related Debtors' bankruptcy proceedings, and such other Persons

15   as to whom Defendants or the Court deem notice is necessary and

16   appropriate, in form and substance satisfactory to Coordinated

17   Plaintiffs and Defendants: (a) dismissing all pending claims

18   brought by Non-Settling Defendants against the Defendants, and

19   further providing, (b) that, for all Defendants the settlement is

20   in "good faith" within the meaning of Section 877.6 of the

21   California Code of Civil Procedure ("Section 877.6"); and (c)

22   that, pursuant to each of Section 877.6, 11 U.S.C. § 105, and

23   Federal Rule of Civil Procedure 16, all Persons receiving notice,

24   including without limitation the Non-Settling Defendants, are

25   barred from asserting any claims or demands against the

26   Defendants to recover losses or attorneys fees in litigation

27   arising out of or related to the business of Related Debtors,

28   whether such claims or demands are denominated as fraud claims,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

- 9 -

516864                          Stipulation of Settlement

1   indemnity claims, contribution claims, state or federal

2   Racketeering Influenced and Corrupt Organization (RICO) claims,

3   state common law claims, state statutory law claims, federal

4   statutory law claims, breach of representation and warranty

5   claims, or otherwise.

6      1.5   "California Six" means Velda Durney, Lucrecia Wilder,

7   Mary Ryan, Ida Mae Forrest, and Carol and Henry Hong.

8      1.6   "Chisick Shares" means shares in the Related Debtors

9   held directly or indirectly by or for the benefit of Brian and

10   Sarah Chisick and/or members of their family (in whatever form

11   they are held), including but not limited to shares held by

12   trusts in which Brian or Sarah Chisick are beneficiary or

13   trustee, or held directly or indirectly by any other heirs,

14   representatives or Related Persons.

15      1.7   "Class" means a class certified by the Court consisting

16   of all Persons who entered into mortgage loan agreements with the

17   Related Debtors during the period January 1, 1992 through

18   March 23, 2000.

19      1.8   "Class Period" means the period commencing on

20   January 1, 1992, through March 23, 2000.

21      1.9   "Class Member" or "Member of the Class" means a Person

22   who falls within the definition of the Class described in ¶ 1.7

23   hereof who does not validly and timely request exclusion from the

24   Class.

25      1.10   "Coordinated Plaintiffs" means AARP, the California

26   Six, Representative Plaintiffs, the Official Joint Borrowers'

27   Committee, the FTC, and the State Attorneys General.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 10 -

Stipulation of Settlement

Case 8:00-cv-00964-DOC-MLG   Document 561   Filed 09/09/02   Page 28 of 140   Page ID
#:485

1    1.11 "Confirmation Order" means the order of the United

2   States District Court confirming the Related Debtors' Liquidating

3   Plan pursuant to Section 1129 of the Bankruptcy Code,

4   11 U.S.C. § 1129.

5    1.12 "Consent Decrees" means the stipulated final judgments

6   to be entered into by the FTC and certain of the Defendants and

7   the State Attorneys General and certain of the Defendants.

8    1.13 "Defendants" means the Related Debtors, the Individual

9   Defendants, the Mortgage Loan Trusts, the Trustees, MBIA, FSA,

10   and Wells Fargo Bank, N.A.

11    1.14 "Effective Date" shall be the first business day after

12   the expiration of five (5) calendar days following the occurrence

13   of the last of the conditions set forth in ¶ 7.1 of this

14   Stipulation.

15    1.15 "Employee Claims" means any allowed priority claim by

16   any employee of Related Debtors, other than Brian and Sarah

17   Chisick, for payment of wages, salary, benefits, bonus, pension,

18   or other compensation, as determined and allowed pursuant to

19   Section 507(a)(3) and (a)(4) of the Bankruptcy Code, 11 U.S.C. §

20   507(a)(3) and (a)(4), and paid pursuant to the confirmed

21   Liquidating Plan and Section 1129 of the Bankruptcy Code, 11

22   U.S.C. § 1129.

23    1.16 "Estates" shall mean the Related Debtors' legal and

24   equitable interests in property as defined under Section

25   541(a)(1) of the Bankruptcy Code, 11 U.S.C. § 541(a)(1).

26    1.17 "FACO" means First Alliance Corporation, a Delaware

27   Corporation.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

- 11 -

Stipulation of Settlement

1      1.18 "FACO Shares" means outstanding shares of FACO,

2  excluding the Chisick Shares and shares held by or for the

3  benefit of other Individual Defendants, directly or indirectly,

4  and by or for the benefit of members of their families and their

5  Related Persons (in whatever form they are held).

6      1.19 "Final" means: the later of (i) the date of final

7  affirmance on an appeal of a judgment or order, the expiration of

8  the time for a petition for or a denial of a writ of certiorari

9  to review a judgment or order and, if certiorari is granted, the

10  date of final affirmance of a judgment or order following review

11  pursuant to that grant; or (ii) the date of final dismissal of

12  any appeal from a judgment or order or the final dismissal of any

13  proceeding on certiorari to review a judgment or order; or

14  (iii) if no appeal is filed, the expiration date of the time for

15  the filing or noticing of any appeal from a judgment or order.

16      1.20 "First Union" means First Union National Bank and its

17  parents, subsidiaries, affiliated, and related companies.

18      1.21 "FSA" means Financial Security Assurance, Inc., and its

19  parents, subsidiaries and affiliates.

20      1.22 "FTC" means the Federal Trade Commission.

21      1.23 "Generally Released Claims" means, collectively, any

22  and all lawsuits, actions, causes of action, debts, obligations,

23  promises, guarantees, agreements, contracts, rights of

24  contribution and/or indemnification, claims, liabilities and/or

25  demands, of whatever kind or nature, whether known or unknown,

26  fixed or contingent, liquidated or unliquidated, suspected or

27  unsuspected, at law or equity, under any theory of law or equity

28  including under the Bankruptcy Code or any theory of fraudulent

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 12 -

conveyance or preference, in an individual or representative
capacity, on behalf of itself, a class or the public, including
without limitation under a statutory, contract or tort theory,
for declaratory relief, for intentional, fraudulent, negligent or
other wrongdoing, for bad faith or unfair business practices or
any other similar or dissimilar tort, or for compensatory,
consequential, punitive or exemplary damages or any damages or
penalties whatsoever, for specific performance, injunctive or
declaratory relief, or any relief whatsoever, under the laws,
rules and/or regulations or otherwise of any jurisdiction, court,
body or tribunal or otherwise of any sort or kind whatsoever,
whether in the United States of America, whether federal or state
or otherwise, and/or any other foreign jurisdiction. Generally
Released Claims expressly <u>include</u> Unknown Claims of the kind or
nature set out in this Paragraph.

1.24 "Individual Defendants" means Brian Chisick; Sarah
Chisick; Patricia G. Sullivan; Jeffrey Smith; Salah Bastawy;
Francisco Nebot; Bruce Bollong; Todd Feldman; Jeffrey Phillips;
Scott Gardner; Diane Clark West; Vanita Cillo; David Sproul; Ted
Kegel; Howard Coleman; Chris Jensen; Tom Neate; Kelly Lee; Joe
O'Laughlin; Steven Graber; Don Terry; Mitchell C. Horwitz; Mark
Mason; Albert Lord; George Gibbs; and, Merrill Butler.

1.25 "Judgment" means a judgment in a form acceptable to the
Settling Parties certified to be final pursuant to Rule 54 of the
Federal Rules of Civil Procedure.

1.26 "Lehman" means Lehman Commercial Paper, Inc., Lehman
Brothers, Inc., and their parents, affiliates, and subsidiaries.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 13 -

Stipulation of Settlement

1       1.27 "Liquidating Plan" means the Chapter 11 liquidating

2   plan of reorganization to be filed by the Related Debtors

3   consistent with the terms of this Stipulation as confirmed by the

4   Court.

5       1.28 "Liquidating Trust Fund" means that fund to be created

6   by Related Debtors as part of their Liquidating Plan into which

7   Related Debtors shall place on the Effective Date (1) any

8   unliquidated assets that cannot be distributed in cash to the

9   Redress Fund, (2) any mortgage loans owned by the Debtors whether

10  or not subject to a secured claim in favor of Lehman, (3) an

11  amount of cash equal to the distribution payable under the

12  confirmed Liquidating Plan to the holders of claims not paid on

13  the Effective Date to the extent they are later allowed of (a)

14  Other Creditors; (b) Professional Fees; (c) Administrative

15  Expenses; (d) Employee Claims, (e) anticipated future

16  Administrative Expenses and Professional Fees, as approved by the

17  Court; and, (f) the reserve required by the Supplemental

18  Agreement, (4) the proceeds, if any, from the Reliance Company

19  Litigation, or the rights thereto, and if such litigation is not

20  concluded by a Final judgment or order, the right to continue to

21  prosecute such action, and (5) the proceeds, if any, from the $1

22  million Chubb CGL policy, or the rights thereto.  All actions

23  assigned to the Liquidating Trust Fund shall be pursued by the

24  fund as representative of the Estate pursuant to 11 U.S.C.

25  § 1123(b)(3).

26      1.29 "Liquidating Trustee" means such agents or trustees as

27  are approved by the Court to maintain and administer the

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 14 -

Stipulation of Settlement

1 │ Liquidating Trust Fund pursuant to the terms of the Liquidating

2 │ Plan.

3 │     1.30 "Lloyd's Policy" means Policy No. 757/FD971617 issued

4 │ by Lloyds Underwriters at Interest subscribing to said policy to

5 │ First Alliance Corporation Directors and Officers and Company on

6 │ or about July 29, 1997, which, with extensions, covers the period

7 │ from July 29, 1997 to June 1, 2002.

8 │     1.31 "MBIA" means MBIA, Insurance Corporation, and its

9 │ parents, subsidiaries and affiliates.

10 │     1.32 "Mortgage Loan Trusts" means, collectively, First

11 │ Alliance Mortgage Loan Trust 1993-1; First Alliance Mortgage Loan

12 │ Trust 1993-2; First Alliance Mortgage Loan Trust 1994-1; First

13 │ Alliance Mortgage Loan Trust 1994-2; First Alliance Mortgage Loan

14 │ Trust 1994-3; First Alliance Mortgage Loan Trust 1994-4; First

15 │ Alliance Mortgage Loan Trust 1995-2; First Alliance Mortgage Loan

16 │ Trust 1996-1; First Alliance Mortgage Loan Trust 1996-2; First

17 │ Alliance Mortgage Loan Trust 1996-3; First Alliance Mortgage Loan

18 │ Trust 1996-4; First Alliance Mortgage Loan Trust 1997-1; First

19 │ Alliance Mortgage Loan Trust 1997-2; First Alliance Mortgage Loan

20 │ Trust 1997-3; First Alliance Mortgage Loan Trust 1997-4; First

21 │ Alliance Mortgage Loan Trust 1998-1A; First Alliance Mortgage

22 │ Loan Trust 1998-1F; First Alliance Mortgage Loan Trust 1998-2;

23 │ First Alliance Mortgage Loan Trust 1998-3; First Alliance

24 │ Mortgage Loan Trust 1998-4; First Alliance Mortgage Loan Trust

25 │ 1999-1; First Alliance Mortgage Loan Trust 1999-2; First Alliance

26 │ Mortgage Loan Trust 1999-3; and First Alliance Mortgage Loan

27 │ Trust 1999-4; and the certificate and note holders thereof.

28 │

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 15 -

Stipulation of Settlement

1    1.33 "Non-Settling Defendants" means (a) Lehman and any of

2 its parents, subsidiaries, related, or affiliated companies;

3 (b) Prudential and any of its parents, subsidiaries, related, or

4 affiliated companies; (c) First Union and any of its parents,

5 subsidiaries, related, or affiliated companies; and (d) other

6 potential defendants not released pursuant to this Stipulation

7 and not yet parties to litigation arising out of or related to

8 the business of Related Debtors.

9    1.34 "Notice" means the notice described in 3.1 hereof, in a

10 form acceptable to the Settling Parties.

11    1.35 "Official Joint Borrowers' Committee" means that

12 official committee as appointed by the U.S. Trustee in or around

13 July 30, 2000.

14    1.36 "Other Creditors" means the holders of general

15 unsecured claims, other than the Plaintiffs, persons who validly

16 and timely opt out of the Class and Brian and Sarah Chisick.

17    1.37 "Person" means an individual, corporation, limited

18 liability corporation, professional corporation, limited

19 liability partnership, partnership, limited partnership,

20 association, joint stock company, estate, legal representative,

21 trust, unincorporated association, government or any political

22 subdivision or agency thereof, and any business or legal entity

23 and their spouses, heirs, predecessors, successors,

24 representatives, or assignees.

25    1.38 "Plaintiffs" means the Class Members, the Official

26 Joint Borrowers' Committee, the FTC, the State Attorneys General,

27 AARP, Barbara Austin, Michael Austin, Velda Durney, Ida M.

28 Forrest, Henry M. Hong, Carol J. Hong, Mary Ryan, Lucretia

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 16 -

Stipulation of Settlement

1  Wilder, George Jerolemon, Fred L. Passmore, Julia G. Passmore,

2  Geneva A. Spires, Frank G. Aiello, Nicolena Aiello, Paul

3  Carabetta, Lenore Carabetta, Vito Cicci, Stella Cicci, Veronica

4  Maines, Thaddeus Zychlinski, Marissa Zychlinski, Jacqueline

5  Bowser and Irene Huston.

6       1.39 "Prior Borrower Settlements" means borrowers who

7  settled a claim or lawsuit with Related Debtors and were paid by

8  the Related Debtors within the ninety days prior to the filing of

9  the bankruptcy by Related Debtors.

10      1.40 "Professional Fees" means fees, expenses, and costs to

11 be paid to professionals employed by the Related Debtors, the

12 Official Creditors' Committee, or the Official Joint Borrowers

13 Committee, which are determined and allowed in the Related

14 Debtors' Estates pursuant to Sections 330, 331, 503 and 507 of

15 the Bankruptcy Code, 11 U.S.C. §§ 330, 331, 503 and 507, and paid

16 pursuant to the confirmed Liquidating Plan and Section 1129 of

17 the Bankruptcy Code, 11 U.S.C. § 1129.

18      1.41 "Prudential" means Prudential Securities, Inc., and its

19 parents, affiliates, and subsidiaries.

20      1.42 "Redress Fund" means a fund to be established and

21 administered by the FTC for the benefit of the Members of the

22 Class and other Plaintiffs, as more fully described herein.

23      1.43 "Redress Fund Administrator" means the FTC, or such

24 agents or trustees that the FTC pursuant to the Consent Decree,

25 in its sole discretion, will appoint, to establish, maintain, and

26 administer the Redress Fund.

27      1.44 "Related Debtors" means First Alliance Mortgage

28 Company, a California corporation; First Alliance Corporation, a

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 17 -

Stipulation of Settlement

1  Delaware corporation; First Alliance Mortgage Company, a

2  Minnesota corporation; and First Alliance Portfolio Services,

3  Inc., a Nevada corporation as debtors and debtors-in-possession.

4      1.45 "Related Persons" means, with respect to any individual

5  or entity to whom it refers, each of its, his, her, or their,

6  past or present directors, officers, managers, employees,

7  partners, members, principals, agents, controlling shareholders,

8  venture capital investors, attorneys, accountants or auditors,

9  financial advisors, associates, personal or legal

10  representatives, predecessors, successors, parents, subsidiaries,

11  divisions, joint ventures, assigns, spouses, heirs, related or

12  affiliated entities, any entity in which a person or entity has a

13  controlling interest, any members of their immediate families, or

14  any trust of which any individual is the settlor or which is for

15  the benefit of any individual and/or member(s) of his or her

16  family.

17      1.46 "Released Claims" means, collectively, all claims

18  released pursuant to any Paragraph of this Stipulation.  The

19  releases and discharges referred to herein are not bankruptcy

20  discharges.

21      1.47 "Reliance Company Litigation" means the action between

22  the Related Debtors and Reliance Insurance Company in

23  Liquidation, as successor-in-interest by merger to Reliance

24  Insurance Company of Illinois, currently pending in the United

25  States District Court for the Central District of California as

26  Case No. CV 00-3282 GAF, and any proceeding related thereto,

27  including without limitation any liquidation proceeding for

28  Reliance.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 18 -

Stipulation of Settlement

1     1.48 "Representative Plaintiffs" means Frank G. Aiello,

2 Nicolena Aiello, Barbara Austin, Michael Austin, Paul Carabetta,

3 Lenore Carabetta, Vito Cicci, Stella Cicci, George Jerolemon,

4 Veronica Maines, Thaddeus Zychlinski, Marissa Zychlinski,

5 Jacqueline Bowser and Irene Huston, as individuals and on behalf

6 of Class Members.

7     1.49 "Residuals" means the securities representing the

8 residual interests held by and property of the Estate in the

9 various Mortgage Loan Trusts that were formed for the purpose of

10 securitizing pools of real estate mortgages for sale to the

11 investing public.

12     1.50 "Residual Proceeds" means all proceeds received by the

13 Estate from the Residuals for the period between January 1, 2002

14 and the Effective Date, and the interest earned thereon, such

15 proceeds to be accounted for separately by Related Debtors.

16     1.51 "Residual Certificateholder" means a holder of Class R

17 Certificates in the Mortgage Loan Trusts.  "Class R Certificates"

18 means any of those certificates representing certain residual

19 rights to distributions from the Mortgage Loan Trusts, designated

20 as a "Class R Certificate" on the face thereof.

21     1.52 "Securitization Documents" means any and all documents

22 executed in connection with the issuance of asset backed notes by

23 the Mortgage Loan Trusts and the Trustees, including but not

24 limited to, purchase and sale agreements, trust agreements,

25 indenture of trust agreements, insurance agreements, indemnity

26 agreements, and servicing agreements.

27     1.53 "Settling Parties" means, collectively, each of the

28 parties to this Stipulation.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

Stipulation of Settlement

1       1.54 "Specifically Released Claims" means, collectively, any

2   and all lawsuits, actions, causes of action, debts, obligations,

3   promises, guarantees, agreements, contracts, rights of

4   contribution and/or indemnification, claims, liabilities and/or

5   demands, of whatever kind or nature, whether known or unknown,

6   fixed or contingent, liquidated or unliquidated, suspected or

7   unsuspected, at law or equity, under any theory of law or equity

8   including under the Bankruptcy Code or any theory of fraudulent

9   conveyance or preference, in an individual or representative

10  capacity, on behalf of itself, a class or the public, including

11  without limitation under a statutory, contract or tort theory,

12  for declaratory relief, for intentional, fraudulent, negligent or

13  other wrongdoing, for bad faith or unfair business practices or

14  any other similar or dissimilar tort, or for compensatory,

15  consequential, punitive or exemplary damages or any damages or

16  penalties whatsoever, for specific performance, injunctive or

17  declaratory relief, or any relief whatsoever, under the laws,

18  rules and/or regulations or otherwise of any jurisdiction, court,

19  body or tribunal or otherwise of any sort or kind whatsoever,

20  whether in the United States of America, whether federal or state

21  or otherwise, and/or any other foreign jurisdiction, based on,

22  arising out of, related to or the subject of: (a) the Actions;

23  (b) facts, transactions, events, occurrences, acts, disclosures,

24  statements, omissions, or failures to act which were or could

25  have been alleged with respect to such conduct in the Actions;

26  (c) any and all claims arising out of or relating to or in

27  connection with the settlement or resolution of the Actions;

28  (d) mortgage loans issued by the Related Debtors during the Class

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 20 -

Stipulation of Settlement

1  Period and the Actions; and (e) the sale and securitization of

2  such loans to the Mortgage Loan Trusts and the Trustees.

3  Specifically Released Claims expressly include Unknown Claims of

4  the kind or nature set out in this Paragraph.

5      1.55 "State Attorneys General" means the attorneys general

6  from the States of Arizona, California, Florida, Illinois, and

7  Massachusetts, and the New York State Banking Department.

8      1.56 "Supplemental Agreement" means the agreement relating

9  to potential termination of this Stipulation that will be filed

10  under seal with the District Court.

11      1.57 "Term Sheet" means the February 15, 2002 letter

12  agreement provisionally agreed upon by the FTC subject to

13  Commission approval and accepted on behalf of the Coordinated

14  Plaintiffs, and certain of the Defendants.

15      1.58 "Trustees" means, collectively, in their individual

16  capacities, in their respective capacities as trustees of the

17  Mortgage Loan Trusts and in any other capacity under the

18  Securitization Documents, JP Morgan Chase Bank as successor in

19  interest to the Chase Manhattan Bank (hereinafter "Chase

20  Manhattan Bank"), Trustee of First Alliance Mortgage Loan Trust

21  1993-1; Chase Manhattan Bank, Trustee of First Alliance Mortgage

22  Loan Trust 1993-2; Chase Manhattan Bank, Trustee of First

23  Alliance Mortgage Loan Trust 1994-1; Chase Manhattan Bank,

24  Trustee of First Alliance Mortgage Loan Trust 1994-2; Chase

25  Manhattan Bank, Trustee of First Alliance Mortgage Loan Trust

26  1994-3; Chase Manhattan Bank, Trustee of First Alliance Mortgage

27  Loan Trust 1994-4; Chase Manhattan Bank, Trustee of First

28  Alliance Mortgage Loan Trust 1995-2; Chase Manhattan Bank,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

- 21 -

Stipulation of Settlement

1  Trustee of First Alliance Mortgage Loan Trust 1996-1; Chase

2  Manhattan Bank, Trustee of First Alliance Mortgage Loan Trust

3  1996-2; Bank of New York, Trustee of First Alliance Mortgage Loan

4  Trust 1996-3; Chase Manhattan Bank, Trustee of First Alliance

5  Mortgage Loan Trust 1996-4; Chase Manhattan Bank, Trustee of

6  First Alliance Mortgage Loan Trust 1997-1; Chase Manhattan Bank,

7  Trustee of First Alliance Mortgage Loan Trust 1997-2; Chase

8  Manhattan Bank, Trustee of First Alliance Mortgage Loan Trust

9  1997-3; Bank of New York, Trustee of First Alliance Mortgage Loan

10  Trust 1997-4; Chase Manhattan Bank, Trustee of First Alliance

11  Mortgage Loan Trust 1998-1A; Chase Manhattan Bank, Trustee of

12  First Alliance Mortgage Loan Trust 1998-1F; Chase Manhattan Bank,

13  Trustee of First Alliance Mortgage Loan Trust 1998-2; Wells Fargo

14  Bank Minnesota, N.A. (formerly Norwest Bank Minnesota, N.A.),

15  Trustee of First Alliance Mortgage Loan Trust 1998-3; Wells Fargo

16  Bank Minnesota, N.A. (formerly Norwest Bank Minnesota, N.A.),

17  Trustee of First Alliance Mortgage Loan Trust 1998-4; Wells Fargo

18  Bank Minnesota, N.A. (formerly Norwest Bank Minnesota, N.A.),

19  Trustee of First Alliance Mortgage Loan Trust 1999-1; Wells Fargo

20  Bank Minnesota, N.A. (formerly Norwest Bank Minnesota, N.A.),

21  Trustee of First Alliance Mortgage Loan Trust 1999-2; Wells Fargo

22  Bank Minnesota, N.A. (formerly Norwest Bank Minnesota, N.A.),

23  Trustee of First Alliance Mortgage Loan Trust 1999-3; and Chase

24  Manhattan Bank, Trustee of First Alliance Mortgage Loan Trust

25  1999-4, any owner trustees of the Mortgage Loan Trusts and the

26  parents, subsidiaries and affiliates of these entities.

27       1.59 "Unknown Claims" means any Released Claims which any

28  releasing party does not know or suspect to exist in his, her or

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864                              Stipulation of Settlement

1 its favor at the time of the release of the released persons

2 which, if known by him, her or it, might have affected his, her

3 or its settlement with and release of the released persons, or

4 might have affected his, her, or its decision not to object to

5 this settlement.  With respect to any and all Specifically and

6 Generally Released Claims, all parties providing releases

7 stipulate and agree that, upon the Effective Date, they shall

8 expressly, and each of the Class Members shall be deemed to have,

9 and by operation of the order approving this Stipulation and the

10 Consent Decrees shall have, expressly waived the provisions,

11 rights and benefits of California Civil Code § 1542, which

12 provides:

13          A general release does not extend to claims which
        the creditor does not know or suspect to exist in his
14      favor at the time of executing the release, which if
        known by him must have materially affected his
15      settlement with the debtor.

16 All parties providing releases of Unknown Claims shall expressly,

17 and each of the Class Members shall be deemed to have, and by

18 operation of this Stipulation and the Consent Decrees shall have,

19 expressly waived any and all provisions, rights and benefits

20 conferred by any law of any state or territory of the United

21 States, or principle of common law, which is similar, comparable

22 or equivalent to California Civil Code § 1542.  All parties

23 providing releases of Unknown Claims (including without

24 limitation any individual Class Member) may hereafter discover

25 facts in addition to or different from those which he, she or it

26 now knows or believes to be true with respect to the subject

27 matter of the Specifically or Generally Released Claims, but each

28 shall expressly, and each Class Member, upon the Effective Date,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 23 -

Stipulation of Settlement

1  shall be deemed to have, and by operation of this Stipulation

2  shall have, fully, finally, and forever settled and released any

3  and all Specifically and Generally Released Claims, known or

4  unknown, suspected or unsuspected, contingent or non-contingent,

5  whether or not concealed or hidden, which now exist, or

6  heretofore have existed upon any theory of law or equity now

7  existing or coming into existence in the future, including

8  without limitation conduct which is negligent, intentional, with

9  or without malice, or a breach of any duty, law or rule, without

10  regard to the subsequent discovery or existence of such different

11  or additional facts.  All parties providing releases of Unknown

12  Claims expressly acknowledge, and the Class Members shall be

13  deemed by operation of the Stipulation to have acknowledged, that

14  the foregoing waiver was separately bargained for and a key

15  element of the settlement of which this release is a part.

16    **2.    The Settlement**

17    **a.    Payments by Brian and Sarah Chisick and Consent Decrees**

18    2.1  Upon the Effective Date, Brian and Sarah Chisick

19  collectively shall (i) contribute the amount of $20,000,000.00

20  (adjusted in the manner set forth in the Supplemental Agreement)

21  to the capital of Related Debtors, and (ii) agree to the

22  cancellation of any Chisick Shares.  Said contribution is an

23  addition to the assets of the Estates as of February 25, 2002.

24         (a)  Following February 15, 2002, and until the

25  Effective Date, Brian and Sarah Chisick will not transfer, or

26  cause to be transferred, any Chisick Shares.

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

Stipulation of Settlement

1        (b)  Brian and Sarah Chisick represent that they have

2    transferred no Chisick Shares to persons whose holdings would not

3    constitute Chisick Shares since March 23, 2000.

4        (c)  To secure the payment in ¶ 2.1 above, three days

5    before the hearing on confirmation of the Liquidating Plan, Brian

6    and Sarah Chisick will obtain and deliver to the FTC an

7    irrevocable letter of credit issued by a financial institution

8    payable to the Liquidating Trustee. Both the financial

9    institution that issues the letter of credit and the form of the

10   letter of credit must be acceptable to the FTC, which acceptance

11   will not be unreasonably withheld.

12       2.2  Upon the Effective Date, Brian Chisick will purchase

13   the Residuals, including the Residual Proceeds, by paying in cash

14   to the Related Debtors (i) the amount of $25,100,000.00, plus

15   (ii) interest in an amount equal to the total amount that would

16   be received on a $25.1 million deposit for a period from January

17   1, 2002 to the Effective Date, based on an annual (365-day) rate

18   of simple interest of three percent (3%), or, if Mr. Chisick puts

19   this $25.1 million plus the interest thereon at three percent

20   (3%) from January 1, 2002 into a separate account by April 1,

21   2002 and it remains in a separate account until the Effective

22   Date, then the interest obligation from the date of the deposit

23   shall be the amount earned on the funds so deposited.

24       2.3  (a)  Upon the Effective Date, MBIA will release all of

25   its right, title and interest in and to the remaining balance of

26   the escrow account established for the benefit of MBIA pursuant

27   to the July 14, 2000 Consent Agreement ("Consent Agreement")

28   between certain of the Related Debtors, the Trustees, and MBIA.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 25 -

Stipulation of Settlement

1  Upon the final resolution, by settlement, final judgment  or

2  otherwise, of any and all claims brought against the Mortgage

3  Loan Trusts insured by MBIA ("the MBIA-Insured Trusts") or the

4  Trustees by any Person who falls within the definition of the

5  Class described in Paragraph 1.7 of this Stipulation who has

6  validly and timely requested exclusion from the Class, or by any

7  Person seeking contribution or indemnity on account of such

8  claims, the Trustees will transfer to the Liquidating Trust Fund

9  all of their right, title and interest in and to the remaining

10 balance of the escrow accounts established for the benefit of the

11 Trustees under the Consent Agreement except that with respect to

12 the release of the escrow funds held by Chase Manhattan Bank they

13 shall have appropriate consents from the Residual

14 Certificateholders.  Until such time as MBIA or the Trustees

15 release their right, title and interest in their respective

16 escrow accounts pursuant to the terms of this Stipulation,

17 nothing in this Stipulation shall affect, alter or amend any

18 right of MBIA or the Trustees under the Consent Agreement to make

19 withdrawals from the escrow accounts in accordance with the terms

20 of the Consent Agreement.

21          (b)   In the event that any claim, action or proceeding

22 is brought against the Mortgage Loan Trusts or Trustees by any

23 Person who falls within the definition of the Class described in

24 Paragraph 1.7 of this Stipulation who has validly and timely

25 requested exclusion from the Class, the Trustees and the Mortgage

26 Loan Trusts shall have the right to require the Residual

27 Certificateholders to defend such claim, action or proceeding;

28 provided, however, that the Residual Certificateholders may not

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864                          Stipulation of Settlement

1  without the prior written consent of the relevant Trustee and its

2  insurer settle any such action, claim or proceeding if such

3  settlement would result in any payment from the assets of the

4  Mortgage Loan Trusts or Trustees.

5      2.4  Brian Chisick, Sarah Chisick, and the Related Debtors

6  will agree to Consent Decrees barring future violations of the

7  law, which Consent Decrees shall become operative on the

8  Effective Date.  The form and content of such decrees will be

9  negotiated in good faith, but it is generally agreed that the

10  consent decree will be in a form similar to the types of decrees

11  used to resolve FTC and State actions, without any admission of

12  wrongdoing.

13      2.5  Upon the Effective Date, Brian and Sarah Chisick shall,

14  pursuant to the Consent Decrees, be enjoined from engaging in any

15  residential loan origination business for ten years.

16      **b.    The Allowance of the Coordinated Plaintiffs' Claim.**

17      2.6  For purposes of this Stipulation and distribution under

18  the confirmed Liquidating Plan, the claims of the Plaintiffs will

19  be treated as a joint claim and allowed, pursuant to 11 U.S.C. §

20  502, as a general, unsecured claim against the Related Debtors in

21  the amount of Two Hundred Seventeen Million Dollars

22  ($217,000,000); provided that this amount shall not be binding in

23  proceedings by Plaintiffs against Non-Settling Defendants, and

24  provided further that the amount shall not be binding in the

25  event that the Effective Date of this Stipulation fails to occur.

26      **c.    Distributions on the Effective Date**

27      2.7  (a)  Upon the Effective Date and pursuant to the

28  confirmed Liquidating Plan, the Related Debtors shall transfer

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

- 27 -

1    and distribute the Estates as follows: (i) pay all allowed claims

2    payable on that date pursuant to the terms of the Liquidating

3    Plan, (ii) transfer to the Liquidating Trust Fund all

4    unliquidated assets of the Estates, including the mortgage loans

5    owned by Related Debtors, and cash in the amounts provided for

6    under ¶ 1.28, and (iii) transfer all remaining cash of the

7    Estates to the Redress Fund, including the additional amounts

8    paid to Related Debtors by Brian and Sarah Chisick pursuant to

9    paragraph 2.1.

10          (b)   Assuming the Court hearing the interpleader action

11   filed by Lloyd's approves such payment, the insureds under the

12   Lloyd's Policy will on the Effective Date pay to the Redress Fund

13   $3,000,000, the money to come from the Lloyd's Policy and not the

14   insureds themselves; and

15          (c)   Upon the Effective Date, the sum of $1,000,000

16   shall be paid by MBIA and FSA ($960,000 and $40,000 respectively)

17   to the Redress Fund on behalf of the Mortgage Loan Trusts.

18       **d.    The Liquidating Trust Fund**

19       2.8   Pursuant to the confirmed Liquidating Plan, Related

20   Debtors shall establish the Liquidating Trust Fund to be

21   administered after the Effective Date by the Liquidating Trustee.

22          (a)   The Liquidating Trustee shall liquidate the assets

23   in the Liquidating Trust Fund and make payments from the

24   Liquidating Trust Fund to any holder of the allowed claims set

25   forth in Paragraph 1.28 hereof and to the Redress Fund, pursuant

26   to the Liquidating Plan.

27          (b)   No Person shall have any claim against the Related

28   Debtors or the Liquidating Trustee or their counsel based on

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 28 -

Stipulation of Settlement

1  distributions of the Liquidating Trust Fund made in accordance

2  with this Stipulation and the confirmed Liquidating Plan.

3         (c)   It is acknowledged by the Settling Parties that

4  the total amount of allowed claims paid from the Liquidating

5  Trust Fund may be less than the amount of the Liquidating Trust

6  Fund as a consequence of a determination of the distribution to

7  such allowed claims that is less than the amount reserved under

8  Paragraph 1.28 hereof or an agreement by such creditors as to the

9  amount of their claims and the payment therefor.  The amount

10 remaining in the Liquidating Trust Fund after payment of the

11 allowed claims for which the fund was established, shall revert

12 to and become part of the Redress Fund.

13    **e.    Subsequent Transfers**

14    2.9   The Redress Fund shall also be entitled to receive the

15 following:

16         (a)   Any proceeds remaining from the Lloyd's Policy,

17 after the resolution of all other claims against that policy,

18 including the past and future claims of the insureds for the

19 reimbursement of expenses (including those related to any

20 prospective Lehman, Prudential, or First Union contribution or

21 indemnity claims).  The Related Debtors shall provide the

22 Coordinated Plaintiffs with an accounting for the amounts paid

23 hereunder, including the amount of attorney fees paid to

24 Individual Defendants' counsel; and

25         (b)   The amounts remaining in the Liquidating Trust

26 Fund as defined in ¶1.28 following the satisfaction of the

27 obligations to be paid from that fund.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 29 -

1    2.10 The Plaintiffs agree not to object to any allocation of
2    the proceeds of the Lloyd's Policy described above to settle
3    third party claims or pay attorneys' fees.  The Settling Parties
4    hereby stipulate and agree that the stay of the Lloyd's Policy
5    should be immediately terminated by the Court.

6    **f.    Administration of the Redress Fund**

7    2.11 The Redress Fund shall be established and administered
8    by the FTC for the benefit of the Class and other Plaintiffs.
9    The FTC, with the input of the Coordinated Plaintiffs, shall
10   submit to the Court for review and approval a plan for the
11   disbursement of funds to the Members of the Class and other
12   Plaintiffs.  Settling Defendants shall have no right to contest
13   the substance or manner of distribution of the Redress Fund nor
14   any responsibility in connection therewith.

15   **g.    FACO Shares**

16   2.12 Under the terms of the Liquidating Plan, the Related
17   Debtors will cancel all FACO Shares.  Following the Effective
18   Date, the Redress Fund Administrator shall pay those Persons who
19   held FACO shares on the Effective Date the lesser of $1.50 per
20   share or the basis of such shares prior to cancellation, provided
21   that the total amount of such payments does not exceed
22   $3,250,000.00.  The basis of any Person in a share of FACO stock
23   purchased on or after February 25, 2002 shall be conclusively
24   presumed to be 9 cents.  To the extent that the total amount of
25   such payments would exceed $3.25 million, the Redress Fund
26   Administrator shall reduce the payment to each former FACO
27   shareholder on an equal proportionate basis (that is, so that
28   each former FACO shareholder will receive an equal percentage of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

- 30 -

Stipulation of Settlement

1  the amount that they otherwise would receive under the formula

2  above) until the total payments do not exceed $3.25 million.  If

3  the amount of payments to shareholders as calculated above is

4  less than $3.25 million, then the remainder shall revert to the

5  Redress Fund.  No payment will be made on account of the Chisick

6  Shares or FACO Shares held by other Individual Defendants or

7  their Related Persons.

8      **h.    Dismissals and Releases**

9      2.13 The Actions shall be dismissed as to the Defendants

10  with prejudice, with the exception of (i) the joint proof of

11  claim referenced in ¶ 2.6 which shall be treated in accordance

12  with that paragraph and the confirmed Liquidating Plan, (ii) the

13  actions filed by the State Attorney Generals and the FTC which

14  are to be resolved by the entry of Consent Decrees as to certain

15  Defendants and (iii) Plaintiffs' claims against Jeffrey Smith

16  unless he makes the election set forth in the final sentence of

17  ¶ 4.12.  Notwithstanding (ii) above, the Florida actions against

18  Francisco Nebot and Bruce Bollong shall be dismissed without

19  prejudice.  To the extent a dismissal is required in an Action

20  pending before the District Court, the dismissals shall be

21  entered as part of the District Court's orders implementing this

22  Stipulation.  To the extent a dismissal is required in any of the

23  Actions not pending before the District Court, that action shall

24  immediately be stayed, so long as the Individual Defendants in

25  such action agree to waive all rules relating to the prompt

26  prosecution of that action and the Court approves the stay; those

27  Actions shall then be dismissed with prejudice on the Effective

28  Date.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

Stipulation of Settlement

1    **i.    Payment of Coordinated Plaintiffs' Counsel Fees and**
2    **Provisions re Taxes**

3    2.14 Any attorneys fees awarded by the Court to counsel for
4    Coordinated Plaintiffs and/or the National Association of
5    Attorneys General will be paid out of the Redress Fund, save and
6    except those fees and costs that are payable for services
7    rendered by the Official Joint Borrowers Committee as an
8    Administrative Expense of the Estates or the Liquidating Trust
9    Fund.  The Defendants will have no right to object to the fee
10   procedure established by the Coordinated Plaintiffs and approved
11   by the Court, or fees to be paid under that procedure, to the
12   extent those fees are paid from the Redress Fund.

13   2.15 Settling Parties and the Redress Fund Administrator
14   agree to treat the Redress Fund as being at all times a
15   "qualified settlement fund" within the meaning of Treas. Reg.
16   § 1.468B-1.  The Settling Parties agree that the exact tax
17   structure of the Redress Fund will be set forth in the
18   Liquidating Plan.

19   **3.    Notice Order and Settlement Hearing**

20   3.1  Promptly after execution of the Stipulation, the
21   Coordinated Plaintiffs shall submit any additional documents
22   necessary to obtain preliminary approval of the settlement by the
23   District Court and shall apply for entry of an order (the "Notice
24   Order"), the form and content of which will be negotiated by the
25   parties in good faith, requesting, *inter alia*, approval of the
26   method of dissemination of a settlement notice (the "Notice").
27   The Related Debtors shall disseminate the Notice to all Class
28   Members.  The Notice shall be in a form agreed upon by the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

- 32 -

Stipulation of Settlement

1  Settling Parties and approved by the Court.  The cost of such

2  Notice shall be borne by the Related Debtors.

3      3.2  The Coordinated Plaintiffs shall request that after the

4  Notice is given, the Court hold a hearing under Rule 23(e) of the

5  Federal Rules of Civil Procedure(the "Settlement Hearing") and

6  approve the settlement as set forth herein.

7      **4.  Releases**

8      4.1  All Persons granting releases under this ¶ 4 shall have

9  expressly waived the provisions, rights and benefits of

10  California Civil Code § 1542, which provides:

11          **A general release does not extend to claims which
           the creditor does not know or suspect to exist in his**
12          **favor at the time of executing the release, which if
           known by him must have materially affected his**
13          **settlement with the debtor.**

14      4.2  Except as set forth in ¶¶ 4.11 and 4.12, upon the

15  Effective Date, the Plaintiffs and their Related Persons shall

16  have, and each of the Class Members and their Related Persons

17  shall be deemed to have, and by operation of the Judgment shall

18  have, fully, finally, and forever relieved, released, and

19  discharged the Defendants, the family members of Brian and Sarah

20  Chisick and all entities controlled by them (now or in the past),

21  the Trustees, MBIA, FSA, and any other insurer of the Mortgage

22  Loan Trusts (or any of the securities issued by any of the

23  Mortgage Loan Trusts) and all of its, his, her, or their Related

24  Persons from the Specifically Released Claims.

25      4.3  Except as set forth in ¶ 4.11, upon the Effective Date,

26  the Defendants and their Related Persons shall have fully,

27  finally, and forever relieved, released, and discharged the

28  Plaintiffs and their Related Persons (excluding the Commonwealth

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 33 -

Stipulation of Settlement

of Massachusetts; it being understood that the Individual

Defendants have no present intention of bringing any such claim

against the Commonwealth of Massachusetts), the members of the

Official Creditors' Committee, the professionals of the Official

Creditors' Committee, members of the Borrowers' Committee, and

the professionals of the Official Borrowers' Committee, and all

of its, his, her, or their Related Persons from any claims,

including Unknown Claims, arising out of or related in any manner

to the filing of claims or Actions against them so that no such

claims against these releasees arising out of or related to their

conduct in the Actions shall survive.   The releases provided by

this paragraph are not intended to, and shall not, release any of

the Plaintiffs or their Related Persons from any of their

respective obligations on loans originated by Related Debtors.

4.4   Except as set forth in ¶ 4.11, upon the Effective Date,
the Related Debtors shall have fully, finally, and forever
relieved, released, and discharged Brian and Sarah Chisick, the
family members of Brian and Sarah Chisick and all entities
controlled by them (now or in the past), the Trustees, the
Individual Defendants, all of Related Debtors' current and former
officers, directors and employees, MBIA and FSA and all of their
Related Persons from the Generally Released Claims.   Related
Debtors shall also release any claims against Plaintiffs arising
out of the Prior Borrower Settlements.

4.5   Except as set forth in ¶ 4.11, upon the Effective Date,
Brian and Sarah Chisick shall have fully, finally, and forever
relieved, released, and discharged the Related Debtors, the
Individual Defendants and their respective Related Persons from

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 34 -

Stipulation of Settlement

1  the Generally Released Claims; and the other Individual

2  Defendants shall have fully, finally, and forever relieved,

3  released, and discharged Brian and Sarah Chisick and their

4  respective Related Persons from the Generally Released Claims.

5      4.6  Except as set forth in ¶ 4.11, upon the Effective Date,

6  MBIA and FSA shall have fully, finally, and forever relieved,

7  released, and discharged the Related Debtors and Plaintiffs and

8  each of its, his, her, or their Related Persons from any claims

9  for malicious prosecution, abuse of process, or similar torts

10  arising out of or related to the filing of claims against their

11  insureds, so that no such claims against these releasees arising

12  out of or related to their conduct in the Actions shall survive.

13      4.7  Except as set forth in ¶ 4.11, upon the Effective Date,

14  Brian and Sarah Chisick and MBIA shall have released any and all

15  claims each may have against the others relating to the business

16  of the Related Debtors; provided, however, that it is the intent

17  of Brian and Sarah Chisick and MBIA that nothing herein shall

18  affect, alter or amend the terms of the transaction documents

19  relating to the MBIA insured Mortgage Loan Trusts, or otherwise

20  affect the rights of the Residual Certificateholder under the

21  transaction documents; Brian and Sarah Chisick shall also have

22  released the indemnification claim asserted against the Trustees

23  and the Mortgage Loan Trusts as to monies paid pursuant to this

24  Settlement and fees and costs incurred in litigating the Actions.

25      4.8  Except as otherwise provided herein, including without

26  limitation in ¶¶ 4.10, 4.11 and 4.12 below, following the

27  Effective Date the Plaintiffs will forever refrain and forbear

28  from commencing, instituting, and/or prosecuting any lawsuit,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 35 -

Stipulation of Settlement

1  action, and/or other proceeding and/or making any claim against

2  any Person receiving a release from Plaintiffs hereunder, based

3  upon or arising out of or related to any Released Claim.

4      4.9  Upon the Effective Date, the Plaintiffs shall have, and

5  each of the Class Members shall be deemed to have, expressly

6  waived and released claims for rescission or reformation of any

7  loan originated by the Related Debtors.

8      4.10 In addition to the foregoing releases, the State

9  Attorneys General: (i) commit that the State Attorneys General

10  will not seek administrative sanctions arising out of or related

11  to the Specifically Released Claims; (ii) represent, for the

12  States of California, New York, Illinois, Massachusetts, Florida

13  and Arizona, that the State Attorneys General do not have any

14  pending criminal investigations against any of the Defendants

15  arising out of or related to the Specifically Released Claims,

16  and that they are not aware of any such investigation; and (iii)

17  agree not to seek any injunctive relief against Francisco Nebot

18  or Bruce Bollong.

19      (a)  The State Attorneys General for California,

20  Illinois, Florida, and the New York State Banking Department

21  further represent that they will not attempt to initiate any

22  criminal investigations against any of the Defendants arising out

23  of or related to the Specifically Released Claims.

24      (b)  The State Attorneys General for Arizona and

25  Massachusetts represent that they have no current intention to

26  initiate any criminal investigation against any of the Defendants

27  arising out of or related to the Specifically Released Claims.

28  In the event any State Attorney General of Arizona initiates a

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 36 -

Stipulation of Settlement

1 criminal investigation against any of the Defendants arising out

2 of or related to the Specifically Released Claims, the release of

3 that State described in ¶ 4.3 herein given by the Defendant who

4 is the subject of such investigation shall be void and of no

5 further force and effect and such Defendant shall be entitled to

6 an offset against any monetary sanction imposed against that

7 Defendant in an amount equal to the amount of that Defendant's

8 monetary contribution to the Redress Fund.

9     4.11 Notwithstanding any contrary provision herein, this

10 Stipulation does not and cannot be construed (a) to release

11 Lehman, Prudential, or First Union; (b) to release any Class

12 Member who validly and timely requests exclusion from the Class;

13 or (c) to release any Settling Party from any obligation under

14 this Stipulation, the Supplemental Agreement or the Consent

15 Decrees.

16     4.12 Notwithstanding any contrary provision herein, the

17 State Attorneys General do not release Patricia Sullivan and

18 Salah Bastawy, and none of the Plaintiffs releases Jeffrey Smith,

19 from any claim or demand unless and until he or she has agreed to

20 be bound by this Stipulation, including without limitation a

21 consent decree identical to that applicable to Brian Chisick

22 under ¶ 2.4 (or on such other lesser inclusive terms as

23 acceptable to the States), the allocation of the Lloyd's Policy

24 reflected in ¶ 4.15 below and the releases contained in ¶ 4.3

25 hereof. In the event, Mr. Smith elects to be bound by this

26 Stipulation, but not to accept a consent decree, and agrees to

27 give the same release as Francisco Nebot is giving in ¶ 4.13

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

Stipulation of Settlement

1  below, then he shall be released by all Plaintiffs other than the

2  State Attorneys General.

3      4.13 Except as set forth in ¶ 4.11, upon the Effective Date,

4  Francisco Nebot shall have fully, finally, and forever relieved,

5  released, and discharged the Related Debtors from the Generally

6  Released Claims.

7      4.14 Each of the Related Debtors, Brian Chisick, any other

8  party hereto which is or may become a holder of a Residuals,

9  acknowledges and agrees that the release by the Trustees of their

10 rights, title and interests in the escrow accounts established in

11 accordance with the terms of the Consent Agreement shall not be

12 or be construed to be or constitute a breach of trust or a breach

13 of fiduciary duty by the Trustees and each of the foregoing

14 parties hereby fully, finally and forever releases the Trustees

15 from any and all claims arising in connection with the execution

16 and delivery by the Trustees of this Stipulation.

17     4.15 Plaintiffs agree that they shall have no interest in

18 the proceeds of the Lloyd's Policy except as provided in ¶¶ 2.7

19 and 2.9 hereof (the initial $3 million payment and the residual,

20 if any, of that policy); the Related Debtors and the Individual

21 Defendants consent to the use of proceeds of the Lloyd's Policy

22 to the extent provided in the Supplemental Agreement to address

23 claims brought by persons who validly and timely opts out of the

24 Class, to the use of up to $2.5 million of those proceeds to

25 reimburse Individual Defendants for attorneys fees incurred in

26 defending the Actions, and to the use of the remainder of the

27 Lloyd's Policy to defend, settle and pay any judgment in *Leon*

28 *Rasachack, et al., On Behalf of Themselves and All Others*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 38 -

Stipulation of Settlement

1  *Similarly Situated vs. First Alliance Corporation, et al.*, Case

2  No. 796083, Superior Court of the State of California, County of

3  Orange.

4     **5.    Administration of Redress Fund**

5     5.1  The Defendants shall have no responsibility for,

6  interest in, or liability whatsoever with respect to the Redress

7  Fund, including investment or distribution of the assets in the

8  Redress Fund, the determination, administration, or calculation

9  of claims from the Redress Fund, the payment or withholding of

10 taxes, or any losses incurred in connection therewith.

11    **6.    Coordinated Plaintiffs' Counsel's Attorneys' Fees and**
          **Reimbursement of Expenses**
12

13    6.1  Counsel for the Coordinated Plaintiffs (excluding

14 counsel for the Official Joint Borrowers Committee) and the

15 National Association of Attorneys General may submit an

16 application or applications (the "Fee and Expense Application")

17 for distributions to them from the Redress Fund for: (a) an award

18 of attorneys' fees; plus (b) reimbursement of expenses incurred

19 in connection with prosecuting the Actions.  Defendants and their

20 counsel shall not challenge the amount, method for payment, or

21 distribution of such fees.

22    6.2  The procedure for and the allowance or disallowance by

23 the Court of any applications by any of the counsel to the

24 Plaintiffs and/or the National Association of Attorneys General

25 for attorneys' fees and expenses to be paid out of the Redress

26 Fund are not part of the settlement set forth in the Stipulation,

27 and any order or proceedings relating to such fees, or any appeal

28 from any order relating thereto or reversal or modification

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

- 39 -

1  thereof, shall not operate to terminate or cancel the

2  Stipulation, or affect or delay the finality of the judgment

3  approving the Stipulation and the settlement of the Actions set

4  forth herein.

5      6.3  Defendants and their Related Persons shall have no

6  responsibility for, no liability, and no ability to object

7  whatsoever with respect to, any payment to Plaintiffs' counsel

8  and/or the National Association of Attorneys General from the

9  Redress Fund.

10      6.4  Defendants and their Related Persons shall have no

11  responsibility for, no liability, and no ability to object

12  whatsoever with respect to the allocation among Plaintiffs'

13  counsel, and/or the National Association of Attorneys General,

14  and/or any other Person who may assert some claim thereto, of any

15  fee or expenses that the Court may make in connection with the

16  Actions.

17      **7.   Conditions of Settlement, Effect of Disapproval,**

18          **Cancellation or Termination**

19      7.1  The Effective Date of the Stipulation shall be

20  conditioned on the occurrence of all of the following events, and

21  shall occur the first business day after the expiration of five

22  (5) calendar days after the occurrence of the last of these

23  events:

24      (a)  An Order has been entered authorizing the Related

25  Debtors to enter into and consummate this Stipulation and such

26  order either has become Final, or no part of such order has been

27  stayed pending appeal;

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 40 -

(b)   An agreement of the Settling Parties to the form and content of all documents identified in this Stipulation that are necessary to carry out this Stipulation;

(c)   A Final Order has been entered certifying as against all Defendants pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure an opt out class of all borrowers who obtained loans from or through Related Debtors from January 1, 1992 through the present;

(d)   A Final Order, after a hearing and notice to members of the Class, Non-Settling Defendants, and all other Persons whom the District Court determines are entitled to notice, approving pursuant to Federal Rule of Civil Procedure 23(e) the settlement by the Class certified pursuant to Rule 23(b)(3);

(e)   The Confirmation Order has been entered by the District Court, and either the order has become Final, or no part of the Confirmation Order has been stayed pending appeal;

(f)   The Bar Order has been entered by the District Court, and either the Bar Order has become Final, or no part of the Bar Order has been stayed pending appeal;

(g)   The District Court has entered the Consent Decrees, which orders have become Final;

(h)   Unless this provision is waived by the Related Debtors and Brian Chisick, the District Court has entered an order, as applied for by the Defendants, which shall remain in place pending the conclusion of the opt out period of the class action settlement, providing, to the greatest extent permitted by the law, that no Person or attorney shall initiate contact with,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864                    Stipulation of Settlement

1  or solicit in any manner, any borrower of the Related Debtors

2  with respect to this settlement or any term of the proposed

3  settlement;

4         (i)   The time within which Related Debtors, Brian

5  Chisick, or MBIA may exercise the option to terminate the

6  Stipulation pursuant to ¶ 7.6 hereof has expired without the

7  option being exercised; and

8         (j)   In a form acceptable to the Settling Parties, the

9  District Court has entered Judgments or final orders in the

10  Actions, to the extent they are pending before it, (i)

11  dismissing the Actions with prejudice to the extent required by

12  ¶ 2.13, (ii) containing the Bar Order, (iii) entering the Consent

13  Decrees described in ¶¶ 2.4 and 2.5, (iv) certifying the judgment

14  to be final under Federal Rules of Civil Procedure Rule 54(b),

15  and (v) either that judgment has become Final, or no part of it

16  has been stayed pending appeal.

17     7.2   Upon the occurrence of all of the events referenced in

18  ¶ 7.1 above, any and all remaining interest or right of

19  Defendants in or to the Liquidating Trust Fund and the Redress

20  Fund, if any, shall be absolutely and forever extinguished.

21     7.3   If all of the conditions specified in ¶ 7.1 are not met

22  then the Stipulation shall be canceled and terminated subject to

23  ¶ 7.7 unless Coordinated Plaintiffs and Defendants mutually agree

24  in writing to proceed with the Stipulation.

25     7.4   The parties acknowledge that upon entry of the Bar

26  Order the District Court will give the Non-Settling Defendants

27  the benefit of any offset against any future judgments against

28  them to which they are legally entitled.   The Settling Parties

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1    agree that the determination of the issue of how the offset is to

2    be calculated, including the calculation of the offset if any

3    applicable to equitable subordination, will not affect the

4    finality of this Stipulation so long as the District Court has

5    entered a Bar Order.  Any dispute regarding the offset shall be

6    submitted to the District Court for determination.

7        7.5   In the event that the Bar Order described in ¶ 7.1(f)

8    above, or any part or aspect of that order, is reversed on

9    appeal, this Stipulation shall remain in force and effect, but

10   Plaintiffs agree that any defendant, including without limitation

11   the Non-Settling Defendants, being sued by any of the Plaintiffs,

12   including by Members of the Class, shall be entitled to an

13   affirmative defense in that action, without the assertion of a

14   cross complaint, reducing the amount of its liability to

15   Plaintiffs, or any of them, (including a reduction in the amount

16   by which its claim is equitably subordinated) by the amount of

17   that liability for which that Non-Settling Defendant proves that

18   the Defendants, or any of them, are liable to it under any theory

19   permitted by law.  This clause is intended to benefit the Non-

20   Settling Defendants.  Plaintiffs, including Members of the Class,

21   agree not to enter into any settlement with any Non-Settling

22   Defendant entitled to assert the defense referred to in this

23   paragraph without obtaining a release by such Non-Settling

24   Defendant of all claims against the Defendants in substantially

25   the form of the release by the Plaintiffs in favor of the

26   Defendants.

27       7.6   Each of the Related Debtors, Brian Chisick, or MBIA

28   shall have the option to terminate the settlement as set forth in

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 43 -

Stipulation of Settlement

1    the Supplemental Agreement.  The Supplemental Agreement is

2    incorporated into this Stipulation as though set forth in full

3    herein and will be filed under seal with the Court.

4         7.7   In the event that the Stipulation is not approved by

5    the Court or the settlement set forth in the Stipulation is

6    terminated or fails to become effective in accordance with its

7    terms, the Settling Parties shall be restored to their respective

8    positions in the Actions as of February 25, 2002.  In such event,

9    the terms and provisions of the Stipulation, any class

10   certification order issued pursuant to this Stipulation, any

11   representations and warranties made herein, and any definitions

12   in Section 1 necessary to interpret or effectuate the foregoing

13   Paragraphs, shall have no further force and effect with respect

14   to the Settling Parties and shall not be used in the Actions or

15   in any other proceeding for any purpose, and any judgment or

16   order entered by the Court in accordance with the terms of the

17   Stipulation shall be treated as vacated, *nunc pro tunc*.  No order

18   of the Court or modification or reversal on appeal of any order

19   of the Court concerning the distributions from the Redress Fund

20   or the amount of any attorneys' fees, expenses and interest

21   awarded by the Court to the Coordinated Plaintiffs or any of

22   their counsel shall constitute grounds for cancellation or

23   termination of the Stipulation.

24        **8.    Miscellaneous Provisions**

25        8.1   The Settling Parties (a) acknowledge that it is their

26   intent to consummate this agreement; and (b) agree to cooperate

27   to the extent reasonably necessary to effectuate and implement

28   all terms and conditions of the Stipulation and to exercise their

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 44 -

Stipulation of Settlement

1  best efforts to accomplish the foregoing terms and conditions of

2  the Stipulation.

3      8.2  The Settling Parties agree that the amount paid to the

4  Redress Fund and the other terms of the settlement were

5  negotiated in good faith by the Settling Parties, and reflect a

6  settlement that was reached voluntarily after consultation with

7  competent legal counsel.  The Settling Parties reserve their

8  right to rebut, in a manner that such party may determine to be

9  appropriate, any contention made in any public forum that the

10  Actions were brought or defended in bad faith or without a

11  reasonable basis.

12      8.3  Neither the Stipulation nor the settlement, nor any act

13  performed or document executed pursuant to or in furtherance of

14  the Stipulation or the settlement: (a) is or may be deemed to be

15  or may be used as an admission of, or evidence of, the validity

16  of any Released Claim, or of any wrongdoing or liability of the

17  Defendants and released Persons; or (b) is or may be deemed to be

18  or may be used as an admission of, or evidence of, any fault or

19  omission of any of the Defendants and released Persons in any

20  civil, criminal, or administrative proceeding in any court,

21  administrative agency, or other tribunal.  Defendants and

22  released Persons may file the Stipulation and/or the judgment

23  approving the Stipulation in any action that may be brought

24  against them in order to support a defense or counterclaim based

25  on principles of *res judicata*, collateral estoppel, release, good

26  faith settlement, judgment bar or reduction or any other theory

27  of claim preclusion or issue preclusion or similar defense or

28  counterclaim.  In the event the Bar Order is reversed on appeal

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 45 -

Stipulation of Settlement

1 and the provisions of Paragraph 7.5 are operative, Defendants

2 shall have the right to intervene in any action by or on behalf

3 of Members of the Class against any Non-Settling Defendants.

4     8.4  All agreements made and orders entered during the

5 course of the Actions relating to the confidentiality of

6 information shall survive this Stipulation.

7     8.5  The Stipulation, the Supplemental Agreement, and the

8 Consent Decrees may be amended or modified only by a written

9 instrument signed by or on behalf of all Settling Parties who are

10 signatories to those documents or their respective successors-in-

11 interest, and approved by the Court.

12     8.6  This Stipulation is not intended to, and does not,

13 alter, amend or modify any of the provisions of the

14 Securitization Documents or the respective rights of the

15 Trustees, MBIA, FSA or the Residual Certificateholders

16 thereunder.

17     8.7  This Stipulation, the Supplemental Agreement, and the

18 Consent Decrees are integrated agreements and constitute the

19 entire agreement concerning the settlement of the Actions between

20 Plaintiffs and Defendants.  This Stipulation, the Supplemental

21 Agreement and the Consent Decrees supersede any prior written

22 agreement, including without limitation the Term Sheet, and any

23 prior or contemporaneous oral agreement, and cannot be

24 interpreted, altered, or modified by reference to such

25 agreements.  No representations, warranties, or inducements have

26 been made to any party concerning the Stipulation, the

27 Supplemental Agreement and the Consent Decrees other than

28 representations, warranties and covenants contained and

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864          Stipulation of Settlement

1 memorialized in those documents. Except as otherwise provided

2 herein, each party shall bear its own costs.

3     8.8 Counsel for the Representative Plaintiffs and the Class

4 Members are expressly authorized by the Representative Plaintiffs

5 to take all appropriate action required or permitted to be taken

6 by the Class Members pursuant to the Stipulation to effectuate

7 its terms and also are expressly authorized to enter into any

8 modifications or amendments to the Stipulation on behalf of the

9 Class which they deem appropriate.

10     8.9 Except with respect to the attorneys for the FTC, who

11 sign subject to the approval of the Commission, and the

12 representatives of the offices of the State Attorneys General,

13 who sign subject to the approval of their respective Attorneys

14 General, each counsel or other Person executing this Stipulation

15 on behalf of any party hereto hereby warrants that such Person

16 has the full authority to do so.

17     8.10 It is the express intent of the Settling Parties that

18 this Stipulation end all litigation and provide complete peace

19 among the Plaintiffs, the Defendants, and their Related Persons

20 with respect to the claims or conduct alleged or that could have

21 been alleged with respect to such conduct in the Plaintiffs'

22 complaints, including the Official Borrowers Committee Complaint.

23 In furtherance of that objective, all Settling Parties agree to

24 be bound by an express covenant of good faith and fair dealing

25 towards the other parties and not to induce or attempt to induce

26 any other Person or entity to commence any litigation or other

27 proceedings against the other parties hereto with respect to the

28 claims and conduct alleged or that could have been alleged with

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864          Stipulation of Settlement

1  respect to such conduct in the Plaintiffs' complaints, including

2  the Official Borrower's Committee complaint.

3      8.11 The Stipulation may be executed in one or more

4  counterparts, and the Settling Parties acknowledge that any

5  facsimile signature shall be treated for all purposes as if it

6  were an original signature.  All executed counterparts and each

7  of them shall be deemed to be one and the same instrument.  A

8  complete set of original executed counterparts shall be filed

9  with the Court.

10     8.12 The Stipulation shall be binding upon, and inure to the

11 benefit of, the successors and assigns of the parties hereto.

12     8.13 The District Court shall retain exclusive jurisdiction

13 with respect to implementation, interpretation, and enforcement

14 of the terms of this Stipulation unless otherwise agreed, and all

15 parties hereto consent to the jurisdiction of the Court for

16 purposes of implementing and enforcing the settlement embodied in

17 this Stipulation.

18     8.14 All dollar amounts referenced in this Stipulation are

19 in United States Dollars.

20     8.15 This Stipulation shall be considered to have been

21 negotiated, executed and delivered, and to be wholly performed,

22 in the State of California, and the rights and obligations of the

23 parties to the Stipulation shall be construed and enforced in

24 accordance with, and governed by, the internal, substantive laws

25 of the State of California without giving effect to that State's

26 choice of law principles.  Notwithstanding the foregoing the Bar

27 Order shall be governed by federal law if the Court so

28 determines.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 48 -

Stipulation of Settlement

1    IN WITNESS WHEREOF, the parties hereto have caused the

2  Stipulation to be executed, by themselves or their duly

3  authorized attorneys as appropriate, dated as of February 25,

4  2002.

5  **ACCEPTED AND AGREED TO:**

6

7  _Anne M. McCormick_

8  Anne M. McCormick, on       _Provisionally Accepted_
   behalf of the Federal Trade  _Subject to Approval of_
9  Commission                   _the Commission_

10

11  _____
   Hugh Hegyi, on behalf of the
12  State of Arizona

13

14  _____
   Robyn C. Smith, on behalf of
15  the State of California

16

17  _____
   Stephen LeClair, on behalf of
18  the State of Florida

19

20  _____
   James Newbold, on behalf of
21  The State of Illinois

22

23  _____
   Judith Whiting, on behalf of
24  the Commonwealth of Massachusetts

25

26  _____
   Alvin A. Narin, on behalf of the
27  New York State Banking Department

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864                   Stipulation of Settlement

the Lloyd's Policy or its proceeds, shall apply to applications

to the court made under this paragraph.

IN WITNESS WHEREOF, the parties hereto have caused the

Supplemental Agreement to be executed by their duly authorized

attorneys, dated as of February 25, 2002.


**ACCEPTED AND AGREED TO:**


_____
Anne M. McCormick, on
behalf of the Federal Trade
Commission

_____  (subject to Gen.
Hugh Hegyi, on behalf of the        Napolitano approval )
State of Arizona


_____
Robyn C. Smith, on behalf of
the State of California


_____
Stephen LeClair, on behalf of
the State of Florida


_____
James Newbold, on behalf of
the State of Illinois


_____
Judith Whiting, on behalf of
the Commonwealth of Massachusetts


_____
Alvin A. Narin, on behalf of the
New York State Banking Department


_____
Larry Gabriel
Attorney for the Official

1    IN WITNESS WHEREOF, the parties hereto have caused the

2    Stipulation to be executed, by themselves or their duly

3    authorized attorneys as appropriate, dated as of February 25,

4    2002.

5    <u>ACCEPTED AND AGREED TO</u>:

6

7    _____

8    Anne M. McCormick, on
     behalf of the Federal Trade
9    Commission

10

11   _____
     Hugh Hegyi, on behalf of the
12   State of Arizona

13

14   _____
     Robyn C. Smith, on behalf of
15   the State of California

16

17   _____
     Stephen LeClair, on behalf of
18   the State of Florida

19

20   _____
     James Newbold, on behalf of
21   The State of Illinois

22

23   _____
     Judith Whiting, on behalf of
24   the Commonwealth of Massachusetts

25

26   _____
     Alvin A. Narin, on behalf of the
27   New York State Banking Department

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516854

1    IN WITNESS WHEREOF, the parties hereto have caused the

2  Stipulation to be executed, by themselves or their duly

3  authorized attorneys as appropriate, dated as of February 25,

4  2002.

5  **ACCEPTED AND AGREED TO:**

6

7

_____

8  Anne M. McCormick, on
   behalf of the Federal Trade
9  Commission

10

11  _____
    Hugh Hegyi, on behalf of the
12  State of Arizona

13

14  _____
    Robyn C. Smith, on behalf of
15  the State of California

16

17  _____
    Stephen LeClair, on behalf of
18  the State of Florida

19

20  _____
    James Newbold, on behalf of
21  The State of Illinois

22

23  _____
    Judith Whiting, on behalf of
24  the Commonwealth of Massachusetts

25  _____

26  Alvin A. Narin, on behalf of the
    New York State Banking Department

27

28

.. & MANELLA LLP
salered Limited Liability
r Partnership including
fessional Corporations

516864                    Stipulation of Settlement

1

2

3 Frank Aiello, individually and on behalf of the Class

4

5

6 Nicolena Aiello, individually and on behalf of the Class

7

8

9 Paul Carabetta, individually and on behalf of the Class

10

11

12 Lenore Carabetta, individually and on behalf of the Class

13

14

15 Vito Cicci, individually and on behalf of the Class

16

17

18 Stella Cicci, individually and on behalf of the Class

19

20

21 Veronica J. Maines, individually and on behalf of the Class

22

23

24 Thaddeus Zychlinski, individually and on behalf of the Class

25

26

27 Marissa Zychlinski, individually and on behalf of the Class

28

Stipulation of Settlement

_____
Frank Aiello, individually and on
behalf of the Class

_____
Nicolena Aiello, individually and on
behalf of the Class

_____
Paul Carabetta, individually and on
behalf of the Class

_____
Lenore Carabetta, individually and on
behalf of the Class

_____
Vito Cicci, individually and on
behalf of the Class

_____
Stella Cicci, individually and on
behalf of the Class

_____
Veronica F. Maines, individually and on
behalf of the Class

_____
Thaddeus Zychlinski, individually and on
behalf of the Class

_____
Marissa Zychlinski, individually and on
behalf of the Class

Stipulation of Settlement

1

2

_Jacqueline Bowser_   agent _Alleene Wilcox_

3  Jacqueline Bowser, individually and on
   behalf of the Class

4

5

6  Irene Huston, individually and on
   behalf of the Class

7

8

9  Michael Austin, individually and on
   behalf of the Class

10

11

12  Barbara Austin, individually and on
    behalf of the Class

13

14

15  George Jerolemon, individually and on
    behalf of the Class

16

17

18  Velda Durney

19

20

21  Ida M. Forrest

22

23  Henry M. Hong

24

25

26  Carol J. Hong

27

28  Mary Ryan

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516464

- 51 -

Stipulation of Settlement

*Contra Costa*

**RECORDING REQUESTED BY**

ND WHEN RECORDED MAIL TO

*Recorded in 11-08-01*

NAME

STREET
ADDRESS

CITY
STATE
ZIP

_____ SPACE ABOVE THIS LINE FOR RECORDER'S USE _____

# POWER OF ATTORNEY - GENERAL [includes optional DURABLE POWER OF ATTORNEY]

KNOW ALL PERSONS BY THESE PRESENTS: That I, *Jacqueline Bowser*

the undersigned (jointly or severally, if more than one) hereby make, constitute and appoint _____

*Aleene Pappin Wilcox*

my true and lawful Attorney for me and in my name, place and stead and for my use and benefit:

(a) To ask, demand, sue for, recover, collect and receive each and every sum of money, debt, account, legacy, bequest, interest, dividend, annuity and demand (which now is or hereafter shall become due, owing or payable) belonging to or claimed by me, and to use and take any lawful means for the recovery thereof by legal process or otherwise, and to execute and deliver a satisfaction or release therefor, together with the right and power to compromise or compound any claim or demand;

(b) To exercise any or all of the following powers as to real property, any interest therein and/or any building thereon: To contract for, purchase, receive and take possession thereof and of evidence of title thereto; to lease the same for any term or purpose, including leases for business, residence, and oil and/or mineral development; to sell, exchange, grant or convey the same with or without warranty; and to mortgage, transfer in trust, or otherwise encumber or hypothecate the same to secure payment of a negotiable or non-negotiable note or performance of any obligation or agreement;

(c) To exercise any or all of the following powers as to all kinds of personal property and goods, wares and merchandise, choses in action and other property in possession or in action: To contract for, buy, sell, exchange, transfer and in any legal manner deal in and with the same, and to mortgage, transfer in trust, or otherwise encumber or hypothecate the same to secure payment of a negotiable or non-negotiable note or performance of any obligation or agreement;

(d) To borrow money and to execute and deliver negotiable or non-negotiable notes therefor with or without security; and to loan money and receive negotiable or non-negotiable note or performance notes therefor with such security as he/she shall deem proper;

(e) To create, amend, supplement and terminate any trust and to instruct and advise the trustee of any trust wherein I am or may be trustor or beneficiary; to represent and vote stock, exercise stock rights, accept and deal with any dividend, distribution or bonus, join in any corporate financing, reorganization, merger, liquidation, consolidation or other action and the extension, compromise, conversion, adjustment, enforcement or foreclosure, singly or in conjunction or other action and the extension, compromise, conversion, adjustment, enforcement or foreclosure, singly or in conjunction with others of any corporate stock, bond, by or to me and to give or accept any property and/or money whether or not equal to or less in value than the amount owing in payment, settlement or satisfaction thereof;

Page 1 of 3

THIS FORM IS NOT VALID FOR HEALTH CARE DECISIONS. (Use Wolcotts Form 1401 for that purpose.)

Before you use this form, fill in all blanks, and make whatever changes are appropriate and necessary to your particular transaction. Consult a lawyer if you doubt the form's fitness for your purpose and use. Wolcotts makes no representation or warranty, express or implied, with respect to the merchantability or fitness of this form for an intended use or purpose.

WOLCOTTS FORM 1400 - Rev.2-01 (price class 2C)
POWER OF ATTORNEY - GENERAL (includes optional DURABLE POWER OF ATTORNEY)
© 2001 WOLCOTTS FORMS



7  67775 20400  1

(f)  To transact business of any kind or class as my act and deed to sign, execute, acknowledge and deliver deed, lease, assignment of lease, covenant, indenture, indemnity, agreement, mortgage, deed of trust, assignment mortgage or of the beneficial interest under deed of trust, extension or renewal of any obligation, subordination or waiver of priority, hypothecation, bottomry, charter-party, bill of lading, bill of sale, bill, bond, note, whether negotiable or non-negotiable, receipt, evidence of debt, full or partial release or satisfaction of mortgage, judgement and other debt, request for partial or full reconveyance of deed of trust and such other instruments in writing or any kind or class as may be necessary or proper in the premises.

(g)  [Strike if not applicable.]  This Power of Attorney shall not be affected by subsequent incapacity of the principal [and shall remain effective for a period of ___( 5 )___ _FIVE_____ years after the disability or incapacity occurs].

(h)  [Strike if not applicable.]  This Power of Attorney shall become effective upon the incapacity of the principal [and shall remain effective for a period of ___( 5 )___ _FIVE_____ years after the disability or incapacity occurs].

(i)  If (g) and/or (h) are not stricken, the Notice to Persons Executing Durable Power of Attorney applies.

### NOTICE TO PERSON EXECUTING DURABLE POWER OF ATTORNEY

A durable power of attorney is an important legal document. By signing the durable power of attorney, you are authorizing another person to act for you, the principal. Before you sign this durable power of attorney, you should know these important facts:

Your agent (attorney-in-fact) has no duty to act unless you and your agent agree otherwise in writing.

This document gives your agent the powers to manage, dispose of, sell, and convey your real and personal property, and to use your property as security if your agent borrows money on your behalf. This document does not give your agent the power to accept or receive any of your property, in trust or otherwise, as a gift, unless you specifically authorize the agent to accept or receive a gift.

Your agent will have the right to receive reasonable payment for services provided under this durable power of attorney unless you provide otherwise in this power of attorney.

The powers you give your agent will continue to exist for your entire lifetime, unless you state that the durable power of attorney will last for a shorter period of time or unless you otherwise terminate the durable power of attorney. The powers you give your agent in this durable power of attorney will continue to exist even if you can no longer make your own decisions respecting the management of your property.

You can amend or change this durable power of attorney only by executing a new durable power of attorney or by executing an amendment through the same formalities as an original. You have the right to revoke or terminate this durable power of attorney at any time, so long as you are competent.

This durable power of attorney must be dated and must be acknowledged before a notary public or signed by two witnesses. If it is signed by two witnesses, they must witness either (1) the signing of the power of attorney or (2) the principal's signing or acknowledgment of his or her signature. A durable power of attorney that may affect real property should be acknowledged before a notary public so that it may easily be recorded.

You should read this durable power of attorney carefully. When effective, this durable power of attorney will give your agent the right to deal with property that you now have or might acquire in the future. The durable power of attorney is important to you. If you do not understand the durable power of attorney, or any provision of it, then you should obtain the assistance of an attorney or other qualified person.

### NOTICE TO PERSON ACCEPTING THE APPOINTMENT AS ATTORNEY-IN-FACT

By acting or agreeing to act as the agent (attorney-in-fact) under this power of attorney you assume the fiduciary and other legal responsibilities of an agent. These responsibilities include:

1.      The legal duty to act solely in the interest of the principal and to avoid conflicts of interest.
2.      The legal duty to keep the principal's property separate and distinct from any other property owned or controlled by you.

You may not transfer the principal's property to yourself without full and adequate consideration or accept a gift of the principal's property unless this power of attorney specifically authorizes you to transfer property to yourself or accept a gift of the principal's property. If you transfer the principal's property to yourself without specific authorization in the power of attorney, you may be prosecuted for fraud and/or embezzlement. If the principal is 65 of age or older at the time that the property is transferred to you without authority, you may also be prosecuted under elder abuse under Penal Code Section 368. In addition to criminal prosecution, you may also be sued in civil court.

THIS FORM IS NOT VALID FOR HEALTH CARE DECISIONS. (Use Wolcotts Form 1401 for that purpose.)
Page 2 of 3

I have read the foregoing notice and I understand the legal and fiduciary duties that I assume by acting or agreeing to act as the agent (attorney-in-fact) under the terms of this power of attorney.

e: _10-10-01_ _Aleene Wilcox_ JACQUELINE BOWSER
                              Print name of Agent

_Aleene Wilcox  Jacqueline Bowser_
                              Signature of Agent

GIVING AND GRANTING unto my said Attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present, hereby ratifying all that my said Attorney shall lawfully do or cause to be done by virtue of these presents. The powers and authority hereby conferred upon my said Attorney shall be applicable to all real and personal property or interests therein now owned or hereafter acquired by me and whatever situate.

My said Attorney is empowered hereby to determine in his/her sole discretion the time when, purpose for and manner in which any power herein conferred upon him/her shall be exercised, and the conditions, provisions and covenants of any instrument or document which may be executed by him/her pursuant hereto; and in the acquisition or disposition of real or personal property, my said Attorney shall have exclusive power to fix the terms thereof for cash, credit and/or property, and if on credit with or without security.

When the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

WITNESS my hand this _10_ day of _October_ , _2001_ .

_Jacqueline Bowser_

ATE OF _California_ )
COUNTY OF _Contra Costa_ )

On _10-10-01_ , before me, _Kim Miller_ , Notary Public, personally appeared _Jacqueline Bowser_
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

```
┌─────────────────────────┐
│        JIM MILLER        │
│   Commission # 1285142   │
│  Notary Public - California │
│    Contra Costa County   │
│ My Comm. Expires Nov 23, 2004 │
└─────────────────────────┘
```

_Kim Miller_
Notary Public

We declare under penalty of perjury under the laws of the State of _CA_ that the person who signed or acknowledged this document is personally known to us (or proved to us on the basis of convincing evidence) to be the principal who signed or acknowledged this durable power of attorney in our presence.

Executed this _10_ day of _October_ , _2001_ .

_Marilyn Wake_                          _____
Witness                                 Witness

THIS FORM IS NOT VALID FOR HEALTH CARE DECISIONS. (Use Wolcotts Form 1401 for that purpose.)

Page 3 of 3

1

2

3   Jacqueline Bowser, individually and on
    behalf of the Class

4

5   _Irene Huston_

6   Irene Huston, individually and on
    behalf of the Class

7

8

9   Michael Austin, individually and on
    behalf of the Class

10

11

12  Barbara Austin, individually and on
    behalf of the Class

13

14

15  George Jerolemon, individually and on
    behalf of the Class

16

17

18  Velda Durney

19

20

    Ida M. Forrest

21

22

23  Henry M. Hong

24

25

    Carol J. Hong

26

27

28  Mary Ryan

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516664                              - 51 -

                            Stipulation of Settlement

1

2

3   Jacqueline Bowser, individually and on
    behalf of the Class

4

5

6   Irene Huston, individually and on
    behalf of the Class

7

8

9   Michael Austin, individually and on
    behalf of the Class

10

11

12  Barbara Austin, individually and on
    behalf of the Class

13

14

15  George Jerolemon, individually and on
    behalf of the Class

16

17

18  Velda Durney

19

20

21  Ida M. Forrest

22

23  Henry M. Hong

24

25

26  Carol J. Hong

27

28  Mary Ryan

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516464

Stipulation of Settlement

1

2

3   Jacqueline Bowser, individually and on
    behalf of the Class
4

5

6   Irene Huston, individually and on
    behalf of the Class
7

8

9   Michael Austin, individually and on
    behalf of the Class
10

11

12  Barbara Austin, individually and on
    behalf of the Class
13

14

15  George Jerolemon, individually and on
    behalf of the Class
16

17

18  Velda Durney

19

20

21  Ida M. Forrest

22

23  Henry M. Hong

24

25

26  Carol J. Hong

27

28  Mary Ryan

- 51 -

Stipulation of Settlement

916464

1

2

3   Jacqueline Bowser, individually and on
    behalf of the Class

4

5

6   Irene Huston, individually and on
    behalf of the Class

7

8

9   Michael Austin, individually and on
    behalf of the Class

10

11

12  Barbara Austin, individually and on
    behalf of the Class

13

14

15  George Jerolemon, individually and on
    behalf of the Class

16

17

18  Velda Durney

19

20

21  Ida M. Forrest, BY Sharon Porter
    a Successor in Interest

22

23  Henry M. Hong

24

25

26  Carol J. Hong

27

28  Mary Ryan, by Ed Ryan,
    Personal Representative

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516861

- 51 -

Stipulation of Settlement

1

2

3   Jacqueline Bowser, individually and on
    behalf of the Class

4

5

6   Irene Huston, individually and on
    behalf of the Class

7

8

9   Michael Austin, individually and on
    behalf of the Class

10

11

12  Barbara Austin, individually and on
    behalf of the Class

13

14

15  George Jorclemon, individually and on
    behalf of the Class

16

17

18  Velda Durney

19

20

21  Ida M. Forrest, BY Sharon Porter
    a Successor in Interest

22

23  Henry M. Hong

24

25

26  Carol J. Hong

27

28  Mary Ryan, by Ed Ryan,
    Personal Representative

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

- 51 -

Stipulation of Settlement

1

2

3   Jacqueline Bowser, Individually and on
     behalf of the Class

4

5

6   Irene Huston, Individually and on
     behalf of the Class

7

8

9   Michael Austin, Individually and on
     behalf of the Class

10

11

12  Barbara Austin, Individually and on
     behalf of the Class

13

14

15  George Jerolemon, Individually and on
     behalf of the Class

16

17

18  Zelda Durney

19

20

21  Ida M. Forrest, BY Sharon Porter
     a Successor in Interest

22

23  Henry M. Hong

24

25  Carol J. Hong

26

27

28  Mary Ryan, by Ed Ryan,
     Personal Representative

*Copy of this signature page is attached as original signatures are on thermal fax paper.*

- 51 -

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

1

2

3   Jacqueline Bowser, individually and on
    behalf of the Class
4

5

6   Irene Huston, individually and on
    behalf of the Class
7

8

9   Michael Austin, individually and on
    behalf of the Class
10

11

12  Barbara Austin, individually and on
    behalf of the Class
13

14

15  George Jerolemon, individually and on
    behalf of the Class
16

17

18  Velda Durney

19

20

    Ida M. Forrest  BY Sharon Porter
21   a Successor in Interest

22

23  Henry M. Hong

24

25

    Carol J. Hong
26

27

28  Mary Ryan, by Ed Ryan,
        Personal Representative

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

Stipulation of Settlement

1

2

3   Jacqueline Bowser, individually and on
    behalf of the Class
4

5

6   Irene Huston, individually and on
    behalf of the Class
7

8

9   Michael Austin, individually and on
    behalf of the Class
10

11

12  Barbara Austin, individually and on
    behalf of the Class
13

14

15  George Jerolemon, individually and on
    behalf of the Class
16

17

18  Velda Durney

19

20

    Ida M. Forrest, BY Sharon Porter
21   a Successor in Interest

22

23  Henry M. Hong

24

25

    Carol J. Hong
26

27

29  Mary Ryan, by Ed Ryan,
    Personal Representative

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

- 51 -

002

1

2 Lucrecia Wilder

3

4

Geneva A. Spires

5

6

7 Fred L. Passmore

8

9

Julia G. Passmore

10

11

12 American Association of
Retired Persons

13

14

15 Larry Gabriel, on behalf of the
Official Borrowers' Committee

16

17

18 First Alliance Mortgage Company, a
California corporation

19

20

21 First Alliance Mortgage Company, a
Minnesota corporation

22

23

24 First Alliance Corporation, a
Delaware corporation

25

26

27 First Alliance Portfolio Services, Inc., a
Nevada Corporation

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

S16B64

- 52 -

Stipulation of Settlement

1

2

Lucretia Wilder

3

4

Geneva A. Spires

5

6

7     Fred L. Passmore

8

9

10    Julia G. Passmore

11

12    American Association of
      Retired Persons
13

14

15    Larry Gabriel, on behalf of the
      Official Borrowers' Committee
16

17

18    First Alliance Mortgage Company,
      California corporation
19

20

21    First Alliance Mortgage Company,
      Minnesota corporation
22

23

24    First Alliance Corporation, a
      Delaware corporation
25

26

27    First Alliance Portfolio Services, Inc., a
      Nevada Corporation
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 52 -

1

2

_____
Lucretia Wilder

3

4

_____
Geneva A. Spires

5

6

*[signature]*
_____
7    Fred L. Passmore

8

*[signature]*
9    _____
Julia G. Passmore

10

11

12    American Association of
Retired Persons

13

14

15    Larry Gabriel, on behalf of the
Official Borrowers' Committee

16

17

18    First Alliance Mortgage Company,
California corporation

19

20

21    First Alliance Mortgage Company,
Minnesota corporation

22

23

24    First Alliance Corporation, a
Delaware corporation

25

26

27    First Alliance Portfolio Services, Inc., a
Nevada Corporation

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations
516861                            Stipulation of Settlement
                                            #243

1

2
_____
Lucretia Wilder
3

4
_____
Geneva A. Spires
5

6

7
_____
Fred L. Passmore
8

9
_____
Julia G. Passmore
10

11

12
_____
American Association of
Retired Persons
13

14

15
_____
Larry Gabriel, on behalf of the
Official Borrowers' Committee
16

17

18
_____
First Alliance Mortgage Company, a
California corporation
19

20

21
_____
First Alliance Mortgage Company, a
Minnesota corporation
22

23

24
_____
First Alliance Corporation, a
Delaware corporation
25

26

27
_____
First Alliance Portfolio Services, Inc., a
Nevada Corporation
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

- 52 -

Stipulation of Settlement

02/25/2002 MON 15:20 FAX

1

2

Lucretia Wilder

3

4

Geneva A. Spires

5

6

7

Fred L. Passmore

8

9

Julia G. Passmore

10

11

12

American Association of
Retired Persons

13

14

15

Larry Gabriel, on behalf of the
Official Borrowers' Committee

16

17

18

First Alliance Mortgage Company, a
California corporation

19

20

21

First Alliance Mortgage Company, a
Minnesota corporation

22

23

24

First Alliance Corporation, a
Delaware corporation

25

26

27

First Alliance Portfolio Services, Inc., a
Nevada Corporation

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 52 -

Stipulation of Settlement

1

2
_____
Lucretia Wilder
3

4
_____
Geneva A. Spires
5

6

7
_____
Fred L. Passmore
8

9
_____
Julia G. Passmore
10

11

12
_____
American Association of
13
Retired Persons

14

15
_____
Larry Gabriel, on behalf of the
Official Borrowers' Committee
16

17

18
_____
First Alliance Mortgage Company, a
California corporation
19

20

21
_____
First Alliance Mortgage Company, a
Minnesota corporation
22

23

24
_____
First Alliance Corporation, a
Delaware corporation
25

26

27
_____
First Alliance Portfolio Services, Inc., a
Nevada Corporation
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

Stipulation of Settlement

1

2

Brian Chisick

3

4

5

Sarah Chisick

6

7

8 Patricia G. Sullivan

9

10

Jeffrey Smith

11

12

13 Salah Bastawy

14

15

Francisco Nebot

16

17

18 Bruce Bollong

19

20

Merrill Butler

21

22

23 George Gibbs

24

25

Albert Lord

26

27

28 Mark Mason

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

Stipulation of Settlement

1

2.

3  Brian Chisick

4

5

6  Sarah Chisick

7

8  Patricia G. Sullivan

9

10 Jeffrey Smith

11

12

13 Salah Bastawy

14

15 Francisco Nebot

16

17

18 Bruce Boliong

19

20 Merrill Butler

21

22

23 George Gibbs

24

25 Albert Lord

26

27

28 Mark Mason

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 53 -

Stipulation of Settlement

1

2

3 | Brian Chisick

4

5 | Sarah Chisick

6

7

8 | Patricia G. Sullivan

9

10

11 | Jeffrey Smith

12

13 | Salah Bastawy

14

15

16 | Francisco Nebot

17

18 | Bruce Bollong

19

20

21 | Merrill Butler

22

23 | George Gibbs

24

25

26 | Albert Lord

27

28 | Mark Mason

IRELL & MANELLA LLP

1

2

3  Brian Chisick
_____

4

5
   Sarah Chisick
_____

6

7

8  Patricia G. Sullivan
_____

9

10
   Jeffrey Smith
_____

11

12

13 Salah Bastawy
_____

14

15
   Francisco Nebot
_____

16

17

18 Bruce Bollong
_____

19

20
   Merrill Butler
_____

21

22

23 George Gibbs
_____

24

25
   Albert Lord
_____

26

27

28 Mark Mason
_____

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516961

- 53 -

Stipulation of Settlement

1

2

3  Brian Chisick
_____
4

5
_____
6  Sarah Chisick

7

8  Patricia G. Sullivan
_____
9

10
_____
11  Jeffrey Smith

12

13  Salah Bastawy
_____
14

15
_____
16  Francisco Nebot

17

18  Bruce Bollong

19

20
_____
21  Merrill Butler

22

23  George Gibbs
_____
24

25
_____
26  Albert Lord

27

28  Mark Mason

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 53 -

Stipulation of Settlement

1

2

3 Brian Chisick
_____

4

5

6 Sarah Chisick
_____

7

8 Patricia G. Sullivan
_____

9

10

11 Jeffrey Smith
_____

12

13 Salah Bastawy
_____

14

15

16 Francisco Nebot
_____

17

18 Bruce Bollong
_____

19

20 Merrill Butler
_____

21

22

23 George Gibbs
_____

24

25

26 Albert Lord
_____

27

28 Mark Mason
_____

- 53 -

1

2

3  Brian Chisick
————————————————————————————

4

5

6  Sarah Chisick
————————————————————————————

7

8  Patricia G. Sullivan
————————————————————————————

9

10

11  Jeffrey Smith
————————————————————————————

12

13  Salah Bastawy
————————————————————————————

14

15

16  Francisco Nebot
————————————————————————————

17

18  Bruce Bollong
————————————————————————————

19

20

21  Merrill Butler
————————————————————————————

22

23  George Gibbs
————————————————————————————

24

25

26  Albert Lord
————————————————————————————

27

28  Mark Mason
————————————————————————————

1

2

3   Brian Chisick
_____
4

5
    Sarah Chisick
_____
6

7

8   Patricia G. Sullivan
_____
9

10
    Jeffrey Smith
_____
11

12

13  Salah Bastawy
_____
14

15
    Francisco Nebot
_____
16

17

18  Bruce Bollong
_____
19

20
    Merrill Butler
_____
21

22

23  George Gibbs
_____
24

25  *Albert Lord signature*
    Albert Lord
_____
26

27

28  Mark Mason
_____

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

Stipulation of Settlement.

```
 1
 2
 3   Brian Chisick
 4
 5   Sarah Chisick
 6
 7
 8   Patricia G. Sullivan
 9
10   Jeffrey Smith
11
12
13   Salah Bastawy
14
15
16   Francisco Nebot
17
18   Bruce Bollong
19
20   Merrill Butler
21
22
23   George Gibbs
24
25
26   Albert Lord
27
28   Mark Mason
```

- 53 -

Stipulation of Settlement

1

2  _Todd S. Feldman_____
   Todd Feldman

3

4

5  _____
   Jeffrey Phillips

6

7

   _____
   Scott Gardner

8

9

10 _____
   Diane Clark West

11

12

   _____
   Vanita Cillo

13

14

15 _____
   David Sproul

16

17

   _____
   Ted Kegel

18

19

20 _____
   Howard Coleman

21

22

   _____
   Chris Jensen

23

24

25 _____
   Tom Neate

26

27

   _____
   Kelly Lee

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

916864

- 54 -

Stipulation of Settlement

1

2
_____
Todd Feldman

3

4

5
_____
Jeffrey Phillips

6

7
_____
Scott Gardner

8

9

10
_____
Diane Clark West

11

12
_____
Vanita Cillo

13

14

15
_____
David Sproul

16

17
_____
Ted Kegel

18

19

20
_____
Howard Coleman

21

22
_____
Chris Jensen

23

24

25
_____
Tom Neate

26

27
_____
Kelly Lee

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 54 -

Stipulation of Settlement

1

2
_____
Todd Feldman
3

4

5   _____
Jeffrey Phillips

6

7   _____
Scott Gardner

8

9

10  _____
Diane Clark West

11

12  _____
Vanita Cillo

13

14

15  _____
David Sproul

16

17

18  _____
Ted Kegel

19

20  _____
Howard Coleman

21

22  _____
Chris Jensen

23

24

25  _____
Tom Neate

26

27

28  _____
Kelly Lee

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 54 -

1

2

Todd Feldman

3

4

5

Jeffrey Phillips

6

7

Scott Gardner

8

9

10

Diane Clark West

11

12

Vanita Cillo

13

14

15

David Sproul

16

17

Ted Kegel

18

19

20

Howard Coleman

21

22

Chris Jensen

23

24

25

Tom Neate

26

27

Kelly Lee

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516964

Stipulation of Settlement

Todd Feldman

_____

Jeffrey Phillips

_____

Scott Gardner

_____

Diane Clark West

_____

Vanita Cillo

_____

David Sproul

_____

Ted Hegel

_____

Howard Coleman

_____

Chris Jensen

_____

Tom Neate

_____

Kelly Lee

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1

2
_____
Todd Feldman

3

4

5
_____
Jeffrey Phillips

6

7
_____
Scott Gardner

8

9

10
_____
Diane Clark West

11

12
_____
Vanita Cillo

13

14

15
_____
David Sproul

16

17
_____
Ted Kegel

18

19

20
_____
Howard Coleman

21

22
_____
Chris Jensen

23

24

25
_____
Tom Neate

26

27
_____
Kelly Lee

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

Stipulation of Settlement

1

2
_____
Todd Feldman

3

4

5
_____
Jeffrey Phillips

6

7

8
_____
Scott Gardner

9

10
_____
Diane Clark West

11

12
_____
Vanita Cillo

13

14

15
_____
David Sproul

16

17
_____
Ted Kegel

18

19

20
_____
Howard Coleman

21

22
_____
Chris Jensen

23

24

25
_____
Tom Neate

26

27
_____
Kelly Lee

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516964

- 54 -

Stipulation of Settlement

Todd Feldman

Jeffrey Phillips

Scott Gardner

Diane Clark West

Vanita Cillo

David Sproul

Ted Kegel

Howard Coleman

Chris Jensen

Tom Neate

Kelly Lee

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516964

1

2

_____
Todd Feldman
3

4

_____
Jeffrey Phillips
5

6

7

_____
Scott Gardner
8

9

_____
Diane Clark West
10

11

12

_____
Vanita Cillo
13

14

_____
David Sproul
15

16

17

_____
Ted Kegel
18

19

_____
Howard Coleman
20

21

22

_____
Chris Jensen
23

24

_____
Tom Neate
25

26

27

_____
Kelly Lee
28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516964

- 54 -

Stipulation of Settlement

Todd Feldman

Jeffrey Phillips

Scott Gardner

Diane Clark West

Vanita Cillo

David Sproul

Ted Kegel

Howard Coleman

Chris Jensen

Tom Neate

Kelly Lee

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

916964

- 54 -

Stipulation of Settlement

1

2

_____
Todd Feldman

3

4

_____
Jeffrey Phillips

5

6

7

_____
Scott Gardner

8

9

_____
Diane Clark West

10

11

12

_____
Vanita Cillo

13

14

_____
David Sproul

15

16

17

_____
Ted Kegel

18

19

_____
Howard Coleman

20

21

22

_____
Chris Jensen

23

24

_____
Tom Neate

25

26

27

_____
Kelly Lee

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516964

Stipulation of Settlement

2

3  _____
   Joe O'Laughlin

4  (This signature was included in error
5   and is not required.)
   _____
   Steven Graber

6

7

8  _____
   Don Terry

9

10
   _____
11 Mitchell C. Horwitz

12

13 _____
   JP Morgan Chase Bank, as successor
   in interest to The Chase
14 Manhattan Bank

15

16
   _____
17 Bank of New York

18

19 _____
   Wells Fargo Bank (Minnesota)N.A.

20

21
   _____
   Financial Security Assurance Company
22

23

24 _____
   MBIA Insurance Corporation

25

26
   **APPROVED AS TO FORM:**
27

28
   _____

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

Stipulation of Settlement

1

2

3   Joe O'Laughlin

4

5

6   Steven Graber

7

8   Don Terry

9

10

11   Mitchell C. Horwitz

12

13   JP Morgan Chase Bank, as successor
    in interest to The Chase
14   Manhattan Bank

15

16

17   Bank of New York

18

19   Wells Fargo Bank (Minnesota)N.A.

20

21

22   Financial Security Assurance Company

23

24   MBIA Insurance Corporation

25

26

27   **APPROVED AS TO FORM:**

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516964

Stipulation of Settlement

1

2

3    Joe O'Laughlin

4

5    Steven Graber

6

7

8    Don Terry

9

10

11   Mitchell C. Horwitz

12

13   JP Morgan Chase Bank, as successor
  in interest to The Chase
14   Manhattan Bank .

15

16

  Bank of New York
17

18

19   Wells Fargo Bank (Minnesota)N.A.

20

21

  Financial Security Assurance Company
22

23

24   MBIA Insurance Corporation

25

26

  **APPROVED AS TO FORM:**
27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864            Stipulation of Settlement

1

2

3  _____
   Joe O'Laughlin

4

5  _____
   Steven Graber

6

7

8  _____
   Don Terry

9

10 _____
   Mitchell C. Horwitz

11

12 _R. Bergeland_            **Regina Bergeland**
                            **Vice President**

13 JP Morgan Chase Bank, as successor
   in interest to The Chase
14 Manhattan Bank

15

16 _____
   Bank of New York

17

18

19 _____
   Wells Fargo Bank (Minnesota) N.A.

20

21 _____
   Financial Security Assurance Company

22

23

24 _____
   MBIA Insurance Corporation

25

26

27 **APPROVED AS TO FORM:**

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

Stipulation of Settlement

1

2

3   Joe O'Laughlin
_____

4

5
    Steven Graber
_____
6

7

8   Don Terry
_____

9

10
    Mitchell C. Horwitz
_____
11

12

13   JP Morgan Chase Bank, as successor
     in interest to The Chase
14   Manhattan Bank

15                          RICHARD COSTANTINO
                            Senior Vice President
16
     Bank of New York
_____
17

18

19   Wells Fargo Bank (Minnesota) N.A.
_____

20

21
     Financial Security Assurance Company
_____
22

23

24   MBIA Insurance Corporation
_____

25

26
     APPROVED AS TO FORM:
_____
27

28

_____

- 55 -

1

2

3 | Joe O'Laughlin

4

5

6 | Steven Graber

7

8 | Don Terry

9

10

11 | Mitchell C. Horwitz

12

13 | JP Morgan Chase Bank, as successor
   | in interest to The Chase
14 | Manhattan Bank

15

16

17 | Bank of New York

18 | *Reid C. Denny*
   | *VICE PRESIDENT*

19 | Wells Fargo Bank (Minnesota) N.A.
   | *Wells Fargo Bank Minnesota, N.A.*

20

21

22 | Financial Security Assurance Company

23

24 | MBIA Insurance Corporation

25

26

27 | **APPROVED AS TO FORM:**

28

- 55 -

TOTAL P.02

1

2

3   _____
    Joe O'Laughlin

4

5   _____
    Steven Graber

6

7

8   _____
    Don Terry

9

10  _____
    Mitchell C. Horwitz

11

12

13  _____
    JP Morgan Chase Bank, as successor
    in interest to The Chase
14  Manhattan Bank

15

16  _____
    Bank of New York

17

18

19  _____
    Wells Fargo Bank (Minnesota)N.A.

20

21

    _____
    Financial Security Assurance Company
22  Alex (Welcowski), Managing Director      Inc.

23

24  _____
    MBIA Insurance Corporation

25

26

    **APPROVED AS TO FORM:**
27

28  _____

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership including
Professional Corporations

516864

1

2

3  Joe O'Laughlin

4

5

6  Steven Graber

7

8  Don Terry

9

10

11  Mitchell C. Horwitz

12

13  JP Morgan Chase Bank, as successor
   in interest to The Chase
14  Manhattan Bank

15

16

17  Bank of New York

18

19  Wells Fargo Bank (Minnesota) N.A.

20

21

22  Financial Security Assurance Company

23

24  MBIA Insurance Corporation
   Ram D. Wertheim, General Counsel

25

26

27  **APPROVED AS TO FORM:**

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1   Anne M. McCormick, on
    behalf of the Federal Trade
2   Commission.

3

4   _____

5   Hugh Hegyi, on behalf of the
    State of Arizona

6

7   _____

8   Robyn C. Smith, on behalf of
    the State of California

9

10  _____
    Stephen LeClair, on behalf of
11  the State of Florida

12

13  _____
    James Newbold, on behalf of
14  The State of Illinois

15

16  _____

17  Judith Whiting, on behalf of
    the Commonwealth of Massachusetts

18

19  _____

20  Alvin A. Narin, on behalf of the
    New York State Banking Department

21

22  _____

23  Larry Gabriel
    Attorney for the Official
24  Borrowers' Committee

25

26  _____
    Phillip Steinbock
27  Attorney for AARP and the
    California Six

28

LL & MANELLA LLP
egistered Limited Liability
w Partnership Including
fessional Corporations

516864

- 56 -

Stipulation of Settlement

1  Anne M. McCormick, on
   behalf of the Federal Trade
2  Commission

3

4  _____ (subject to Gen. Napol. tons approval)
   Hugh Hegyi, on behalf of the
5  State of Arizona

6

7  _____
   Robyn C. Smith, on behalf of
8  the State of California

9

10
   Stephen LeClair, on behalf of
11 the State of Florida

12

13 _____
   James Newbold, on behalf of
14 The State of Illinois

15

16
   Judith Whiting, on behalf of
17 the Commonwealth of Massachusetts

18

19
   Alvin A. Narin, on behalf of the
20 New York State Banking Department

21

22
   _____
23 Larry Gabriel
   Attorney for the Official
24 Borrowers' Committee

25

26 _____
   Phillip Steinbock
27 Attorney for AARP and the
   California Six

28

1   Anne M. McCormick, on
behalf of the Federal Trade
2   Commission

3

4

Hugh Hegyi, on behalf of the
5   State of Arizona

6

7

Robyn C. Smith, on behalf of
8   the State of California

9

10

Stephen LeClair, on behalf of
11   the State of Florida

12

13

James Newbold, on behalf of
14   The State of Illinois

15

16

Judith Whiting, on behalf of
17   the Commonwealth of Massachusetts

18

19

Alvin A. Narin, on behalf of the
20   New York State Banking Department

21

22

Larry Gabriel
23   Attorney for the Official
Borrowers' Committee

24

25

26   Phillip Steinbock
Attorney for AARP and the
27   California Six

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

Stipulation of Settlement

1  Anne M. McCormick, on
   behalf of the Federal Trade
2  Commission

3

4

   Hugh Hegyi, on behalf of the
5  State of Arizona

6

7

   Robyn C. Smith, on behalf of
8  the State of California

9

10

   Stephen LeClair, on behalf of
11 the State of Florida

12

13

   James Newbold, on behalf of
14 The State of Illinois

15

16

   Judith Whiting, on behalf of
17 the Commonwealth of Massachusetts

18

19

   Alvin A. Narin, on behalf of the
20 New York State Banking Department

21

22

   Larry Gabriel
23 Attorney for the Official
   Borrowers' Committee

24

25

26 Phillip Steinbock
   Attorney for AARP and the
27 California Six

28

- 56 -

Stipulation of Settlement

1  Anne M. McCormick, on
   behalf of the Federal Trade
2  Commission

3

4
   ─────────────────────────
   Hugh Hegyi, on behalf of the
5  State of Arizona

6

7
   ─────────────────────────
   Robyn C. Smith, on behalf of
8  the State of California

9

10
   ─────────────────────────
   Stephen LeClair, on behalf of
11 the State of Florida

12

13
   ─────────────────────────
   James Newbold, on behalf of
14 The State of Illinois

15

16
   ─────────────────────────
   Judith Whiting, on behalf of
17 the Commonwealth of Massachusetts

18

19 *Alvi. A. Narin*
   ─────────────────────────
   Alvin A. Narin, on behalf of the
20 New York State Banking Department

21

22
   ─────────────────────────
   Larry Gabriel
23 Attorney for the Official
   Borrowers' Committee

24

25

26 ─────────────────────────
   Phillip Steinbock
   Attorney for AARP and the
27 California Six

28

. & MANELLA LLP
(&) Limited Liability
Partnership Including
sional Corporations

516864

1  
   David B. Zlotnick  
2  Attorney for the Class

3

4  
   Daniel J. Mulligan  
5  Attorney for the Class

6

7  
   Susan Schneider Thomas  
8  Attorney for Class

9

10  
   Evan C. Borges  
11 Attorney for the Related Debtors

12

13  
   Jerry C. Hager  
14 Attorney for the Related Debtors

15

16  
   Ronald Rus  
17 Attorney for Brian Chisick

18

19  
   Stuart Jasper  
20 Attorney for Sarah Chisick

21

22  
   Jeffrey A. Robinson  
23 Attorney for Jeffrey Smith and  
   Salah Bastawy  
24

25

26 Mitchell Fuerst  
   Attorney for Bruce Bollong and  
27 Francisco Nebot

28

IRELL & MANELLA LLP  
A Registered Limited Liability  
Law Partnership Including  
Professional Corporations

516064

Stipulation of Settlement

1

David B. Zlotnick

2   Attorney for the Class

3

4

Daniel J. Mulligan

5   Attorney for the Class

6

7

Susan Schneider Thomas

8   Attorney for Class

9

10   Evan C. Borges        IRELL & MANELLA LLP

11   Attorney for the Related Debtors

12

13

Jerry C. Hager

14   Attorney for the Related Debtors

15

16        OF RUS, MILIBAND & SMITH, A.P.C.

Ronald Rus

17   Attorney for Brian Chisick

18

19   Stuart Jasper        Roper & Roper P.C.

20   Attorney for Sarah Chisick

21

22

Jeffrey A. Robinson

23   Attorney for Jeffrey Smith and

Salah Bastawy

24

25

26   Mitchell Fuerst

Attorney for Bruce Bollong and

27   Francisco Nebot

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 57 -

Stipulation of Settlement

1

David B. Zlotnick
2  Attorney for the Class

3

4

Daniel J. Mulligan
5  Attorney for the Class

6

7

Susan Schneider Thomas
8  Attorney for Class

9

10

Evan C. Borges
11  Attorney for the Related Debtors

12

13

Jerry C. Hager
14  Attorney for the Related Debtors

15

16

Ronald Rus
17  Attorney for Brian Chisick

18

19

Stuart Jasper
20  Attorney for Sarah Chisick

21

22

Jeffrey A. Robinson
23  Attorney for Jeffrey Smith and
Salah Bastawy
24

25

26  Mitchell Fuerst
Attorney for Bruce Bollong and
27  Francisco Nebot

28

Stipulation of Settlement

.L & MANELLA LLP
…registered Limited Liability
Law Partnership Including
Professional Corporations

516864

1

David B. Zlotnick
2   Attorney for the Class

3

4

Daniel J. Mulligan
5   Attorney for the Class

6

7

Susan Schneider Thomas
8   Attorney for Class

9

10

Evan C. Borges
11   Attorney for the Related Debtors

12

13

Jerry C. Hager
14   Attorney for the Related Debtors

15

16

Ronald Rus
17   Attorney for Brian Chisick

18

19

Stuart Jasper
20   Attorney for Sarah Chisick

21

22

Jeffrey A. Robinson
23   Attorney for Jeffrey Smith and
Salah Bastawy
24

25

26   Mitchell Hurst
Attorney for Bruce Bollong and
27   Francisco Nabot

28

1

Robert E Currie

Bob Currie
2  Attorney for Francisco Nebot,
   Mark Mason, Albert Lord,
3  George Gibbs and Merrill Butler

4

5  _____
   Frank R. Ubhaus
6  Attorney for Todd Feldman and
   Jeffrey Phillips
7

8

9  _____
   Charles P. Kanter
   Attorney for Patricia G. Sullivan
10

11

12 _____
   Adam Dawson/Karen Kimmey
   Attorneys for Scott Gardner and
13 Diane Clark West

14

15 _____
   Angel Garganta
16 Attorney for JP Morgan Chase Bank as
   Successor in Interest to Chase
17 Manhattan Bank

18

19 _____
   Theresa Brehl
20 Attorney for Wells Fargo Bank
   (Minnesota), N.A.(formerly doing business
21 as Norwest Bank (Minnesota), N.A.)

22

23 _____
   John Baker
24 Attorney for Bank of New York

25

26 _____
   Jeffrey Jacobovitz
27 Attorney for MBIA, Insurance
   Corporation

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations
516864

- 58 -

Stipulation of Settlement

1

2  Bob Currie
   Attorney for Francisco Nebot,
3  Mark Mason, Albert Lord,
   George Gibbs and Merrill Butler

4

5

   Frank R. Ubhaus John F. Domingue
6  Attorney for Todd Feldman and
   Jeffrey Phillips

7

8

9  Charles P. Kanter for Petersen Tyler
   Attorney for Patricia G. Sullivan

10

11

12 Adam Dawson/Karen Kimmey
   Attorneys for Scott Gardner and
13 Diane Clark West

14

15

16 Angel Garganta
   Attorney for JP Morgan Chase Bank as
   Successor in Interest to Chase
17 Manhattan Bank

18

19

   Theresa Brehl
20 Attorney for Wells Fargo Bank
   (Minnesota), N.A.(formerly doing business
21 as Norwest Bank (Minnesota), N.A.)

22

23

24 John Baker
   Attorney for Bank of New York

25

26

   Jeffrey Jacobovitz
27 Attorney for MBIA, Insurance
   Corporation

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 58 -

Stipulation of Settlement

Bob Currie
Attorney for Francisco Nebot,
Mark Mason, Albert Lord,
George Gibbs and Merrill Butler


Frank R. Johaus
Attorney for Todd Feldman and
Jeffrey Phillips


Charles P. Kanter
Attorney for Patricia G. Sullivan


Adam Dawson/Karen Kimmey
Attorneys for Scott Gardner and
Diane Clark West


Angel Garganta
Attorney for JP Morgan Chase Bank as
Successor in Interest to Chase
Manhattan Bank


Theresa Brehl
Attorney for Wells Fargo Bank
(Minnesota), N.A.(formerly doing business
as Norwest Bank (Minnesota), N.A.)


John Baker
Attorney for Bank of New York


Jeffrey Jacobovitz
Attorney for MBIA, Insurance
Corporation

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516964                          Stipulation of Settlement

Bob Currie
Attorney for Francisco Nebot,
Mark Mason, Albert Lord,
George Gibbs and Merrill Butler

Frank R. Ubhaus
Attorney for Todd Feldman and
Jeffrey Phillips

Charles P. Kanter
Attorney for Patricia G. Sullivan

Adam Dawson/Karen Kimmey
Attorneys for Scott Gardner and
Diane Clark West

Angel Garganta
Attorney for JP Morgan Chase Bank as
Successor in Interest to Chase
Manhattan Bank

Theresa Brehl
Attorney for Wells Fargo Bank
(Minnesota), N.A.(formerly doing business
as Norwest Bank (Minnesota), N.A.)

John Baker
Attorney for Bank of New York

Jeffrey Jacobovitz
Attorney for MBIA, Insurance
Corporation

Stipulation of Settlement

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

1

2

3  Angel Garganta
   Attorney for JP Morgan Chase Bank as
4  Successor in Interest to Chase
   Manhattan Bank

5

6

7  Theresa Brehl
   Attorney for ~~Wells Fargo Bank~~
8  ~~(Minnesota), N.A. (formerly doing business~~
   ~~as Norwest Bank (Minnesota), N.A.)~~
9  Wells Fargo Bank Minnesota N.A. (formerly
10 Norwest Bank Minnesota, N.A.)

11 John Baker
   Attorney for Bank of New York

12

13

14 Jeffrey Jacobovitz
   Attorney for MBIA, Insurance
15 Corporation

16

17

18 Hydee Feldstein
   Attorney for Financial Security
   Assurance, Inc.

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 60 -

Stipulation of Settlement

Bob Currie
Attorney for Francisco Nebot,
Mark Mason, Albert Lord,
George Gibbs and Merrill Butler

Frank R. Ubhaus
Attorney for Todd Feldman and
Jeffrey Phillips

Charles P. Kanter
Attorney for Patricia G. Sullivan

Adam Dawson/Karen Kimmey
Attorneys for Scott Gardner and
Diane Clark West

Angel Garganta
Attorney for JP Morgan Chase Bank as
Successor in Interest to Chase
Manhattan Bank

Theresa Brehl
Attorney for Wells Fargo Bank
(Minnesota), N.A.(formerly doing business
as Norwest Bank (Minnesota), N.A.)

John Baker, Brobeck, Phleger & Harrison, LLP
Attorney for Bank of New York

Jeffrey Jacobovitz
Attorney for MBIA, Insurance
Corporation

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

Stipulation of Settlement

Bob Currie
Attorney for Francisco Nebot,
Mark Mason, Albert Lord,
George Gibbs and Merrill Butler

_____

Frank R. Ubhaus
Attorney for Todd Feldman and
Jeffrey Phillips

_____

Charles P. Kanter
Attorney for Patricia G. Sullivan

_____

Adam Dawson/Karen Kimmey
Attorneys for Scott Gardner and
Diane Clark West

_____

Angel Garganta
Attorney for JP Morgan Chase Bank as
Successor in Interest to Chase
Manhattan Bank

_____

Theresa Brehl
Attorney for Wells Fargo Bank
(Minnesota), N.A.(formerly doing business
as Norwest Bank (Minnesota), N.A.)

_____

John Baker
Attorney for Bank of New York

_____
*Katherine A. Carey*
~~Jeffrey Jacobovitz~~  KATHERINE A. CAREY
Attorney for MBIA, Insurance
Corporation

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

01-393168
01516864

Stipulation of Settlement

1

2
Hydee Feldstein
Attorney for Financial Security
3  Assurance, Inc.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

516864

- 59 -

Stipulation of Settlement



1  Evan C. Borges (128706)
   William N. Lobel (93202)
2  IRELL & MANELLA LLP                    **DUPLICATE ORIGINAL**
   840 Newport Center Drive, Suite 400
3  Newport Beach, California 92660-6324
   Telephone:    (949) 760-0991
4  Facsimile:    (949) 760-5200

5  Attorneys for the Related Debtors

6

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                  SOUTHERN DIVISION

11  FRANK and NICOLENA AIELLO, et         **CASE No. SA CV 01-971 DOC**
12  al.                                   (Consolidated with SA CV 01-1111 DOC)

13                         Plaintiffs,
                    v.
14  BRIAN CHISICK, et al.

15                         Defendants.

16

17  OFFICIAL JOINT BORROWERS              **DECLARATION OF CPT**
    COMMITTEE,                            **REGARDING LIST OF PERSONS**
18                                        **WHO HAVE REQUESTED**
                           Plaintiff,     **EXCLUSION FROM CLASS**
19                                        **ACTION SETTLEMENT**
                    v.
20
    LEHMAN COMMERCIAL PAPER,
21  INC. et al.,

22                         Defendants.    [No hearing required/requested]

23                                        The Hon. David O. Carter

24

25

26

27

28

DECLARATION OF CPT REGARDING LIST OF PERSONS WHO HAVE REQUESTED
EXCLUSION FROM CLASS ACTION SETTLEMENT

558561.01 02

## DECLARATION OF HENRY ARJAD

I, Henry Arjad declare as follows:

1.    I am the principal and owner of CPT Group, the court-approved Administrator for the settlement entered into between the Coordinated Plaintiffs, the First Alliance Related Debtors and others (the "Administrator").

2.    On April 22, 2002 the Honorable David O. Carter, United States District Judge, signed and filed his Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Class Notice, and Scheduling Final Settlement Hearing. Paragraph 8 of that Order provides that "On or before June 14, 2002, the Administrator shall file with the Court and serve on all parties a list of the names and addresses of the persons who have requested exclusion."

3.    In compliance with that Order, the Administrator hereby submits this declaration. Attached hereto as Exhibit "A" is a list showing the names and addresses of the persons who have timely requested exclusion from the noticed class action settlement.

4.    Attached as Exhibit "B" is a list showing the name and address of each person who requested exclusion from the noticed class action settlement, but who did not do so in a timely manner. The requests for exclusion included on Exhibit "B" either were not postmarked on or before June 5, 2002, or (if not postmarked) were not received by CPT on or before June 5, 2002.

Executed on June 13, 2002, at Irvine, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Henry Arjad

557616.01 02

## IN RE: FIRST ALLIANCE MORTGAGE CORP.
## SCHEDULE OF OPT OUTS

| # | Borrower(s) Name | Address |
|---|---|---|
| 1. | Baker, Elizabeth M. | 257 Livingston Ave.<br>Babylon, NY 11702 |
| 2. | Benyo, John & Frances | 219 39th St.<br>Lindenhurst, NY 11757 |
| 3. | Borgella, Wilner & Marie | 12 Sayward Street<br>Dorchster, MA 02125 |
| 4. | Brandt, Warren R. & Joan A. | 419 Tompkins Ave.<br>Nyack, NY 10960 |
| 5. | Burton, John H. & Dorothy M. | 12800 M.E. 4th St.<br>Apt. 40<br>Vancouver, WA 98684 |
| 6. | Danbach, Kathleen A. | 3601 W. Foster Avenue<br>Chicago, IL 60625 |
| 7. | DiPrima, Peter A. & Lynnore | 205 Port Ave.<br>Ronkonkoma, NY 11779 |
| 8. | Donato, Larry & Vivian | 824 W. Bay Dr.<br>W. Islip, NY 11795 |
| 9. | Falco, Vincent & Wendy | 1439 Richland Blvd.<br>Bayshore, NY 11706 |
| 10. | Griffin, Millard | 25 Gaskill Ave.<br>Edison, NJ 08817 |
| 11. | Gunderson, Scott & Bernae | 309 Pelham Blvd.<br>St. Paul, MN 55104 |
| 12. | Haapoja, Michael J. & Paula A. | 1910 Crescent Ln.<br>Hoffman Estates, IL 60194 |
| 13. | Hall, Harry & Dorothy | 245 Milltown Rd.<br>Bridgewater, NJ 08807 |
| 14. | Hammond, Donald R. & Dianne M. | 414 Emory Rd.<br>Mineola, NY 11501 |

**EXHIBIT "A"**

| # | Borrower(s) Name | Address |
|---|---|---|
| 15. | Hite, Barbara ~~& Leroy~~ | 10463 Slater<br>Apt. 108<br>Fountain Valley, CA 92708 |
| 16. | Hoffman, Thomas & Kathleen | 912 Superior St.<br>Aurora, IL 60505 |
| 17. | Holsburg, Harold & Gail | 82 White Oak St.<br>Deer Park, NY 11729 |
| 18. | Kumpa, Gary J. & Lorraine A. | 415 Elmwood St.<br>Islip Terrace, NY 11752 |
| 19. | Kurth, Charolette & Roger L. | Not provided |
| 20. | Lang, Mabel D. | 616 Ansel R. #5<br>Burlingame, CA 94010 |
| 21. | Licciardi, Vincent B. | 49 Norfolk St.<br>Boston, MA 02124 |
| 22. | Linford, Prima F. (Deceased)<br>Attn: Arcadio F. De La Cruz | 917 N. Harding Ave.<br>San Fernando, CA 91340 |
| 23. | Morefield, John R.<br>Gedzyk, Judy K. | 12 Lake Dr.<br>Lake In The Hills, IL 60156-1324 |
| 24. | Nelson, Colenn M. & Jeanne T. | 5 Stoneham Lane<br>New City, NY 10956 |
| 25. | Ness, William S. & Bridget | 320 Garden St.<br>W. Islip, NY 11795 |
| 26. | Nickelson, Beverly J. | 6416 Tooley St.<br>San Diego, CA 92114 |
| 27. | Quint, Dr. Joseph Aaron | 23 Lakewood Terrace<br>Bloomfield, NJ 07003 |
| 28. | Ratigan, Roy & JoAnn | 367 W. Forest Rd.<br>Mastic Beach, NY 11951 |
| 29. | Reid, Timothy & April | 1427 Apache Dr.<br>Hanover Park, IL 60133 |
| 30. | Russo, Ronald A. and Frances R. | 11208 Lake View Road<br>Richmond, Illinois 60071 |

239/121797 # 6/14/02 2 (-2424-0001)                    EXHIBIT "A"

| # | Borrower(s) Name | Address |
|---|---|---|
| 31. | Sanjurjo, Carmen L.<br>Sanjurjo, Carmen F.<br>Santiago, Nydia R. | 1453 N. Monticello<br>1805 N. Keeler Ave. |
| 32. | Scavo, Dino & Margaret | 1144 Tooker Ave.<br>W. Babylon, NY 11704 |
| 33. | Sewak, Wanda | 6338 Riviera Cir.<br>Long Beach, CA 90815 |
| 34. | Shurts, Cleo E. | 14510 Saco St.<br>Poway, CA 92064 |
| 35. | Sussman, Paul & Colette | 34 Sioux Dr.<br>Commack, NY 11725 |
| 36. | Sutherland, Jesse & Josephine | 7 West St.<br>Natick, MA |

239/121797 d 6/14/02 2 (-3434-0001)                    EXHIBIT "A"

## IN RE: FIRST ALLIANCE MORTGAGE CORP.
### SCHEDULE OF UNTIMELY OPT OUTS

| # | Borrower(s) Name | Address |
|---|---|---|
| 1. | Elgin, Michael R.<br>Elgin, Deborah J. | 8823 S. Mozart<br>[Full Address Not Provided]<br><br>Return Address From Envelope:<br>P.O. Box 1253<br>Melrose Park, IL. 60160 |

**EXHIBIT "B"**